## Commonwealth *v.* Roman, Appellant.

*Criminal law—Assault and battery—Self-defense.*

1. A person may be convicted of assault and battery notwithstanding a plea of self-defense where the evidence shows that the prosecutor and the defendant had a verbal quarrel, that the prosecutor advanced towards the defendant with uplifted hand as if to strike, and that the defendant, not receding a step, nor seeking to avoid coming to blows, but standing still, raised a beer glass and brought it down violently upon the prosecutor's head with such force as to break the glass into atoms, cutting and wounding the prosecutor in eight different places to such an extent that the scars could be seen for months afterwards.

2. In such a case it is not improper for the court to say to the jury that the prosecutor "must have receded to the wall, and by the use of that figure of speech is meant to go as far as he could from the difficulty before he could offer the theory of self-defense when attacked."

Argued Oct. 8, 1912. Appeal, No. 7, March T., 1913, by defendant, from judgment of Q. S. Luzerne Co., April Sessions, 1912, No. 81, on verdict of guilty in case of Commonwealth v. Alfonso Roman. Before RICE, P. J., HENDERSON, MORRISON, ORLADY and PORTER, JJ. Affirmed.

Indictment for assault and battery. Before O'BOYLE, J.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty, upon which judgment of sentence was passed.

*Errors assigned* were various portions of the charge, including (4) that quoted in the opinion of the Superior Court.

*Adrian H. Jones,* for appellant, cited: Butler v. Stockdale, 19 Pa. Superior Ct. 98.


*John H. Bigelow,* district attorney, with him *H. A. Shovelin,* assistant district attorney, for appellee, cited: Regina v. Hewlett, 1 Fost. & Finn, 91.


OPINION BY MORRISON, J., November 18, 1912:

The defendant, Alfonso Roman, pleaded not guilty to an indictment charging him in the first count with what is popularly designated as aggravated assault. The second count charged the defendant with simple assault and battery. The trial resulted in a verdict of the jury of not guilty under the first count but guilty in manner and form as indicted under the second count. Thereupon the court sentenced the defendant to pay a fine of $100 and pay the costs of prosecution and undergo imprisonment in the Luzerne county prison for the term of ten calendar months and stand committed, etc., and the defendant appealed.

We have carefully read and considered the evidence, the charge of the court, the assignments of error and the arguments of the respective counsel and we are not convinced that the record discloses reversible error.

From sufficient evidence the court and the jury must have been satisfied that the defendant was the aggressor and that he struck the prosecutor with a beer glass and cut and injured the latter quite seriously. In view of the evidence it is not surprising that the learned judge felt called upon to impose a rather severe sentence upon the defendant. Indeed, the defendant may consider himself fortunate in escaping a conviction under the first count of the indictment.

The appellant's counsel, in his history of the case, assumes that the prosecutor was the aggressor and that the defendant was acting in self-defense. In so assuming the counsel loses sight of the fact that the evidence was in

dispute and it was for the jury to determine who was the aggressor and whether or not the defendant had a reasonable excuse for assaulting the prosecutor with a beer glass.

It is contended by appellant's counsel that the charge was in some respects inaccurate and that taken as a whole it was unfair and inadequate. A careful reading of the charge does not impress us with the justice of these criticisms. While the charge may contain some slight inaccuracies, yet we do not think that they amount to reversible error. Considering the charge as a whole we think it was fair to the defendant.

We do not think it necessary to discuss the several assignments of error separately, but we will briefly allude to the fourth assignment which is as follows: "The prosecutor admits that he wasn't struck, but that the defendant came toward him in an angry manner, talking and calling names; but even so, then it was the duty of the defendant to have receded as far from the difficulty as he could consistent with that degree of safety which the law requires him to recede, in order that he might feel secure that his life or person was not endangered.

"In other words, he must have receded to the wall, and by the use of that figure of speech is meant to go as far as he could from the difficulty before he could offer the theory of self-defense when attacked. Now, is there anything of that kind in this case?"

The above excerpt from the charge which is assigned for error must be considered in the light of the testimony and in connection with the entire charge. Placing upon the facts in the case the most favorable construction in favor of the defendant we find that the prosecutor in the midst of a verbal quarrel advanced toward the defendant; that he then retired to his seat and the dispute between them continued; that the prosecutor again advanced toward the defendant with uplifted hand as if to strike; that the defendant, not receding a step, not seeking to avoid coming to blows, but standing still, raised a beer glass and brought it down violently upon the prosecutor's

head with such force as to break the glass into atoms, cutting and wounding the prosecutor in eight different places, to such an extent that the scars could be seen at the time of the trial three months after, and causing a large loss of blood which flowed profusely as was described by several witnesses.   Now in view of the serious assault with such an instrument as a beer glass and the fact that the defendant actually inflicted grievous bodily harm upon the person of the prosecutor and that the blow with the beer glass might have caused death, we do not think the court seriously erred in giving the instruction complained of in the fourth assignment of error.   It may be conceded that if the defendant had only used his naked hands in assaulting the prosecutor the court would not have been warranted in instructing the jury that before resisting, the defendant must have receded to the wall.

The entire charge is assigned for error and the learned counsel for appellant criticises it quite severely.   But considering it as a whole we are of the opinion that the question of the guilt or innocence of the defendant was submitted to the jury with substantial fairness and that the defendant has no just ground for urging that the judgment should be reversed.   It does not appear that at the close of the charge the defendant's counsel called the trial judge's attention to any errors or misstatements, and if any serious errors had been made by the judge and his attention had been called to them we cannot doubt but they would have been corrected.   However that may be, we are impressed with the idea that the trial judge sought to be fair and if he fell into inadvertent mistakes he should have been given an opportunity to correct the same before the jury retired.

All of the judges who heard this case argued reached the conclusion that the defendant had a fair trial and that the record does not disclose serious error.

The assignments of error are all overruled and the judgment is affirmed, and it is here ordered that the defendant forthwith surrender himself to the custody of the sheriff of

Luzerne county to the end that so much of the sentence of the court of quarter sessions as had not been executed at the time when this appeal was made a supersedeas shall be completed.