Commonwealth *v.* Sanders, Appellant.

Argued September 21, 1970. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*John W. Packel,* Assistant Defender, with him *Vincent J. Ziccardi,* Defender, for appellant.

*Milton M. Stein,* Assistant District Attorney, with him *Charles A. Klein,* Assistant District Attorney, *James D. Crawford,* Deputy District Attorney, *Richard*

*A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, November 13, 1970:
Judgment of sentence affirmed.

---

DISSENTING OPINION BY HOFFMAN, J.:

Appellant was charged with assault and battery, aggravated assault and battery, and assault and battery with intent to murder. He was found guilty on all three counts by a jury. Post-trial motions were denied, and this appeal followed.

The charges against appellant arose from an altercation with a woman in and outside a Philadelphia bar. He admitted striking the woman with a beer bottle, but asserted as a defense that she had attacked him first with a pair of scissors. On the issue of self-defense the judge charged the jury that "to excuse the acts here charged by the pleas of self-defense, it must appear that the defendant had no other probable means of escaping, and that his act was one of necessity." A specific exception was taken to this portion of the charge.

*Commonwealth v. Banks,* 216 Pa. Superior Ct. 405, 268 A. 2d 230 (1970), involved a situation similar to the case at bar. There defendant became involved in a fistfight on a public sidewalk and was convicted of assault and battery. "The defendant alleged self-defense. In its charge the lower court said defendant was under a duty to retreat before using force to defend himself, and that if he had an opportunity to retreat and did not avail himself of the opportunity he could not assert self-defense." Id. at 407, 268 A. 2d at 231. Judge JACOBS held "[t]hat is not the law of Pennsylvania. We have so stated a number of times in de-

cisions of this Court. Commonwealth v. Mitchell, 181 Pa. Superior Ct. 225, 124 A. 2d 407 (1956). and Commonwealth v. Roman, 52 Pa. Superior Ct. 64 (1912)." Id. In *Mitchell* we said, " '[t]he doctrine of retreat as developed in homicide cases is not by the weight of authority regarded as applicable to cases involving a mere battery, especially where immediate action appears to be necessary for self-protection' ". 181 Pa. Superior Ct. at 230, 124 A. 2d at 409.

In *Banks* Judge JACOBS concluded, "[a]ppellant's whole case depended on a showing of self-defense. The court's charge required the appellant to prove an improper and unnecessary element in that affirmative defense. This deprived appellant of a fair trial and was fundamental and basic error". 216 Pa. Superior Ct. at 408, 268 A. 2d at 231. The present case is indistinguishable; appellant was in a fight in a public place and his acts did not result in a death. He was equally deprived of a fair trial.

The judgment of sentence should be reversed and a new trial granted.