Commonwealth *v.* Sanders, Appellant.

Argued September 21, 1970. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*John W. Packel,* Assistant Defender, with him *Vincent J. Ziccardi,* Defender, for appellant.

*Milton M. Stein,* Assistant District Attorney, with him *Charles A. Klein,* Assistant District Attorney, *James D. Crawford,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY JACOBS, J., June 22, 1971:

Jurisdiction of this case is now vested in the Supreme Court of Pennsylvania. The record was remanded to this Court by the Supreme Court, on May 10, 1971, so that we might prepare and file an opinion in support of our order of November 13, 1970, affirming the judgment of sentence upon the appellant. See 217 Pa. Superior Ct. 410, 272 A. 2d 190 (1970). This opinion is filed in response to the Supreme Court's order.

Appellant was charged with assault and battery, aggravated assault and battery, and assault and battery with intent to commit murder. After a trial before Judge LEO WEINROTT and a jury, he was convicted on all counts and sentenced.

Appellant asks for a new trial on the basis that the judge improperly charged the jury on self-defense. Appellant argues that it was improper for the judge to charge: (1) that to justify self-defense it must appear that the accused had no other possible means of escaping and that his act was one of necessity and (2) that the accused had the burden of proving self-defense by a preponderance of the evidence.

There is no need to spend much time on the second objection because the judge was obviously correct. In two very recent cases, the Supreme Court of Pennsylvania has reaffirmed its prior holding that self-defense is an affirmative defense which the defendant has the burden of proving by the preponderance of the evidence. *Commonwealth v. Johnston,* 438 Pa. 485, 263 A. 2d 376 (1970); *Commonwealth v. Winebrenner,* 439 Pa. 73, 265 A. 2d 108 (1970).

In the first objection, the appellant does not make an issue on the charge that his action had to be necessary for his defense, but claims that it was error to charge that a defendant must retreat before defending himself in a non-homicide case. He relies upon our decision in *Commonwealth v. Banks,* 216 Pa. Superior Ct. 405, 268 A. 2d 230 (1970), claiming that the case at bar is indistinguishable from *Banks.* We disagree, but a recitation of the facts of this case is necessary to an understanding of the differences.

The victim was a young woman. The events occurred in or about two bars in West Philadelphia. According to the victim and her witnesses, she was in the first bar at about 9:15 p.m., on April 20, 1968, when appellant came in and asked her to dance. She refused and appellant hit her. She ran out of the first bar to a second bar not far away where she went into the bathroom. The appellant followed her to the bathroom and broke in. When she tried to escape, he broke a beer bottle and started hitting her about the face with the broken bottle. She said that she had no weapon in her hand at any time and that appellant threatened to kill her. She was corroborated by another woman who was with her at both bars. Presbyterian Hospital records showed that the victim was admitted that night at 11:07, suffering from multiple lacerations of the face and arms for which 75 sutures were required. She was given a tranquilizer and a tetanus shot and discharged on April

22, 1968. She was readmitted the same day for fainting or blacking out and again discharged on April 26th.

The appellant's testimony was to the effect that the victim attacked him outside the first bar with a pair of scissors with an overall length of 5 inches and blades, 3-inches long; that she stabbed him in the palm of his left hand, across the chest, and on his neck; that he went to the second bar; that the victim was already there and attacked him again; that he could see a knife or scissors in her hand. He said he was cut again and grabbed a beer bottle from the bar; that the bottle broke when he struck the victim; that he kept striking her with the broken beer bottle as she struck at him. He continued striking the victim until she fell and he then walked out of the bar. Appellant was picked up by the police outside the second bar. The police later took him to the Philadelphia General Hospital. The Philadelphia General Hospital's records show appellant was treated on April 21, at 12:35 a.m., by the administration of tetanus toxoid. No other treatment was shown in the records and appellant was not admitted. The records show his chief complaints to be lacerations of right side of neck and hand and other superficial lacerations.

In *Banks,* where we held a charge requiring defendant to retreat before he could defend himself error, the defendant was tried for simple assault and battery. The altercation occurred on a public sidewalk and no weapons were involved, only fists. We were careful to point out those facts in making our decision. In addition to the cases cited in *Banks,* the proposition that retreat is not required at all times in simple assault cases was recognized as long ago as 1868 in the landmark murder case of *Commonwealth v. Drum,* 58 Pa. 9 (1868). There Justice Agnew said, at pages 21-22: "The right to stand in self-defence without fleeing has been strongly asserted by the defence. It is certainly true

that every citizen may rightfully traverse the street, or may stand in all proper places, and need not flee from every one who chooses to assail him. Without this freedom our liberties would be worthless. But the law does not apply this right to homicide. . . . Ordinary defence and the killing of another evidently stand upon a different footing." In *Banks*, we held that the defendant was entitled to hold his ground and had no duty to retreat because he was exercising his right of ordinary defense. He used no weapons, but simply struck back with his bare hands.

If the victim in this case had been killed and the appellant were being tried for homicide, he could not have asserted self-defense unless, *inter alia*, he retreated as long as there was means of escape. *Commonwealth v. Collazo*, 407 Pa. 494, 180 A. 2d 903 (1962) ; *Commonwealth v. Johnston*, supra. This follows from the enormous value we place on human life.

Here we are presented with a third situation. Appellant asserts self-defense in a non-homicide case, but used a deadly force to defend himself. We have no hesitancy in classifying a broken beer bottle, with its jagged ends exposed, as a deadly weapon; and, when used repeatedly it constitutes a deadly force.

Only the vagaries of fortune dictate whether a victim, struck with a deadly weapon, dies or survives. To say that a person who uses a deadly weapon to defend himself must have retreated if the victim dies, but need not have retreated if the victim survives, establishes a rule the application of which is determined after the event. It is much more logical and practical to require a defendant who asserts self-defense to show that he has retreated before he uses a deadly force since his action may result in death.

This principle is recognized by both the drafters of The American Law Institute's Model Penal Code and the Supreme Court of New Jersey in *State v. Abbott*,

36 N.J. 63, 174 A. 2d 881 (1961). The following quotation from *State v. Abbott,* supra, is pertinent: .

"We believe the following principles are sound: .

1. The issue of retreat arises only if the defendant resorted to a deadly force. It is deadly force which is not justifiable when an oportunity to retreat is at hand. Model Penal Code §3.04(2)(b)(iii). As defined in §3.12(2) a deadly force means 'force which the actor uses with the purpose of causing or which he knows to create a substantial risk of causing death or serious bodily harm.'

"Hence it is not the nature of the force defended against which raises the issue of retreat, but rather the nature of the force which the accused employed in his defense. If he does not resort to a deadly force, one who is assailed may hold his ground whether the attack upon him be of a deadly or some lessor [sic] character. Although it might be argued that a safe retreat should be taken if thereby the use of *any* force could be avoided, yet, as the comment in the Model Penal Code observes (at p. 23), 'The logic of this position never has been accepted when moderate force is used in self-defense; here all agree that the actor may stand his ground and estimate necessity upon that basis.' Cf. Prosser, Torts §19, at p. 90 (2 ed. 1955); Restatement, Torts §63 (1934)."

The jury by finding appellant guilty of assault and battery with intent to murder concluded that a deadly force was used. Thus, applying the above-mentioned principle, we concluded that the lower court's charge requiring appellant to show that he had retreated was not error under the circumstances of this case.

---

CONCURRING OPINION BY HOFFMAN, J.:

The original dissent in this case was based upon stare decisis and intended to point out some of the frailties of *Commonwealth v. Banks,* supra. I feel that

this Court's present interpretation of the duty to retreat is logical, practical, and far more likely to reach a sensible conclusion than pre-existing law. Thus, I now join in Judge JACOB'S able opinion.