513 A.2d 1150

Willard Allen, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs June 17, 1986, to President Judge CRUMLISH, JR., Judge COLINS, and Senior Judge BLATT, sitting as a panel of three.

*Frederick I. Huganir,* Assistant Public Defender, for petitioner.

*Arthur R. Thomas,* Assistant Chief Counsel, with him, *Robert A. Greevy,* Chief Counsel, for respondent.

OPINION BY JUDGE COLINS, August 19, 1986:

Willard Allen (petitioner) appeals the order of the Pennsylvania Board of Probation and Parole (Board), dated January 23, 1986, which imposed a six month recommitment for a technical parole violation. We reverse.

Petitioner was paroled from a state correctional institution on June 19, 1985; his maximum term expiration date was May 14, 1987. On September 10, 1985,

petitioner was arrested by the Parole Board for technical violations of conditions 3(c)[1] and 6.[2]

On November 26, 1985, after a hearing at which petitioner was represented by counsel, the Board issued an order stating that petitioner was to be recommitted for six months on a technical parole violation of condition 3(a),[3] a violation with which he had never been charged and for which no evidence was presented at the hearing. Administrative relief was denied by the Board on January 22, 1986.

On January 12, 1986, the Board modified the recommitment order of November 26, 1985, and now recommitted petitioner for a violation of condition 3(c), the offense petitioner allegedly committed.

On appeal, petitioner argues that the Board violated his rights to due process by recommitting him for a violation of condition 3(a) when he was never given notice of the charge. We agree.

In reviewing a parole recommitment by the Board, we are limited to determining whether the Board's order is supported by substantial evidence, is in accordance with the law, and whether any constitutional rights of the parolee have been violated. *O'Hara v. Pennsylvania Board of Probation and Parole*, 87 Pa. Commonwealth Ct. 356, 487 A.2d 90 (1985).

---

[1] 37 Pa. Code §63.4(3)(iii). This condition of parole requires that parolees maintain regular contact with the parole supervision staff by "notifying the parole supervision staff within 72 hours of any change in status including but not limited to employment, on the job training, and education."

[2] 37 Pa. Code §63.5(2) provides in part that parolees shall comply with any special conditions which are imposed by the Board. Here, the special condition requires that petitioner must maintain employment.

[3] 37 Pa. Code §63.4(3)(i). This condition of parole requires that parolees maintain regular contact with the parole supervision staff by "reporting regularly as instructed and following any written instructions of the Board or the parole supervision staff."

Petitioner has now completed the six month recommitment imposed on him by the Board. However, petitioner is subject to the custody and supervision of the Commonwealth until May 14, 1987. Since petitioner is subject to recommitment for the duration of his original sentence, the determination that he was a parole violator may have future consequences for him during his original sentence period. Thus, this appeal is not moot. *Johnson v. Pennsylvania Board of Probation and Parole,* 505 Pa. 569, 482 A.2d 235 (1984).

The Board never gave notice to petitioner that he was being charged with a violation of condition 3(a). While it may have been a typographical error to have recommitted petitioner for a violation of condition 3(a), rather than 3(c), it was more than a mere technical error, since the fact remains, petitioner was found to be in violation of a condition of which he was never put on notice. The Board's modification of the order with no further proceedings did not cure this defect. Thus, we can only conclude that petitioner's due process rights were violated.

For the aforementioned reasons, the order of the Pennsylvania Board of Probation and Parole is reversed.

## ORDER

AND NOW, this 19th day of August, 1986, the order of the Pennsylvania Board of Probation and Parole, Parole No. 0027-H, dated January 23, 1986, is hereby reversed.