523 A.2d 841

Mark Ransom, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs February 2, 1987, to Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*John C. Armstrong,* Assistant Public Defender, for petitioner.

*Arthur R. Thomas,* Assistant Chief Counsel, with him, *Robert A. Greevy,* Chief Counsel, for respondent.

Opinion by Judge Craig, April 7, 1987:

Mark Ransom appeals from an order of the Pennsylvania Board of Probation and Parole which recommitted him to serve twenty-four months of backtime as a technical parole violator. The board concluded that Mr. Ransom had violated, among other parole conditions, condition No. 5b (possession of a weapon) and No. 5c (assaultive behavior).[1] Mr. Ransom argues that the record of his parole revocation hearing lacks substantial evidence to support the hearing examiner's finding that he violated conditions 5b and 5c.

Our scope of review is limited, *inter alia,* to a determination of whether the hearing examiner's crucial finding that the petitioner engaged in assaultive behavior and possessed a weapon is supported by substantial evidence. *Allen v. Pennsylvania Board of Probation and Parole,* 100 Pa. Commonwealth Ct. 29, 513 A.2d 1150 (1986).

### Condition No. 5c: Assaultive Behavior

Recognizing that the terminology of the board's parole condition proscribing "assaultive behavior" suggests that it encompasses a broader scope of conduct than that described in the criminal law's definition of assault, we also note that section 2701(a) of the Crimes Code, 18 Pa. C. S. §2701(a), defines simple assault as: "A person is guilty of assault if he: . . . (2) negligently causes bodily injury to another with a deadly weapon. . . ."

In its order, the board states that it relied on Mr. Ransom's testimony and the testimony of parole agent Eugene Harnak in determining that Mr. Ransom engaged in assaultive behavior.

The only relevant testimony of Agent Harnak in the record is the following:

---

[1] 37 Pa. Code §63.4(5)(ii), (iii).

MR. HARNAK: Basically the only evidence at this time to support 5b and 5c is the Client's statement that he did stab Carol Ransom but that it was an accident.

HEARING EXAMINER DAVIS: When did he say that?

MR. HARNAK: When I interviewed him at the Philadelphia County Prison on September 3, 1985.

The record contains the following testimony of Mr. Ransom:

HEARING EXAMINER DAVIS: Just tell me what I'm asking you. Did you have a knife and did you stab her, yes or no?

MR. RANSOM: Yes.

. . . .

HEARING EXAMINER DAVIS: This was a kitchen knife in the kitchen?

MR. RANSOM: Right.

. . . .

HEARING EXAMINER DAVIS: Tell me the circumstances.

MR. RANSOM: My wife's—we were rough-housing, fooling around, my wife sit down on the floor, I went to grab her with the knife, we both fell down, she was stabbed, and I called the Police. It's as simple as that, it was an accident.

The quoted testimony is substantial evidence to support a finding that Mr. Ransom negligently caused bodily injury to another person.

With respect to the above-quoted definition of assault in the Crimes Code involving the negligent infliction of injury "with a deadly weapon," the remaining question is whether a kitchen knife can constitute a deadly weapon under that definition.

In *Michael v. Pennsylvania Board of Probation and Parole*, 85 Pa. Commonwealth Ct. 173, 481 A.2d 711

(1984), this court held that a folding knife, with a 3-½-inch blade, constituted a weapon, the possession of which justified the revocation of parole. In *Commonwealth v. Sanders*, 219 Pa. Superior Ct. 79, 83, 280 A.2d 598, 601 (1971), the Superior Court stated that: "We have no hesitancy in classifying a broken beer bottle, with its jagged ends exposed, as a deadly weapon. . . ."

Similarly, because Mr. Ransom's kitchen knife was capable of totally incapacitating[2] his wife in an "accidental" stabbing, we do not hesitate to classify it as a deadly weapon in the circumstances of this case.

In the alternative, we recognize that the board could have believed Mr. Ransom's testimony that he stabbed his wife while simultaneously disbelieving his claim that it was an accident, in view of his testimony that "we were roughhousing" and that he "went to grab her with the knife. . . ." By that analysis, the board's conclusion would reflect an intentional assault.

*Condition No. 5b: Possession of a Weapon*

Because either analysis of the board's conclusion that Mr. Ransom engaged in assaultive behavior is based on his possession of a deadly weapon, we must also affirm the board's conclusion that Mr. Ransom violated parole condition No.5b.

The board's decision is affirmed.

ORDER

NOW, April 7, 1987, the order of the Board of Probation and Parole, Parole No. 8687P, dated June 5, 1986, is affirmed.

---

[2] According to the Philadelphia Police Department's arrest report, the police found Mrs. Ransom lying face down in a street outside of the Ransom's residence with a stab wound in her back.