Morrow-Smith Co. *v.* Cleveland Traction Co., Appellant.

378

Argued March 20, 1929. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*A. O. Fording,* for appellant, cited: French v. Motor Car Co., 242 Pa. 136.

*Robbin B. Wolf,* of *McCreery & Wolf,* for appellee.

OPINION BY MR. JUSTICE SIMPSON, April 15, 1929:

Plaintiff and defendant entered into a written agreement by which the latter gave to the former an exclusive contract, within a designated territory and for a limited period, to sell defendant's tractors at specified prices f. o. b. defendant's factory, plaintiff's compensation to consist of certain discounts on those prices. Defendant breached the contract by itself selling, during the term of the contract, six tractors within the exclusive territory, and refusing to deliver one sold by plaintiff. Plaintiff brought the present suit to recover the

amounts allowed by the contract on these seven tractors; defendant filed an affidavit of defense; plaintiff moved for judgment for want of a sufficient affidavit of defense; the court made the rule absolute; and defendant prosecuted this appeal.

The statement of the question involved (which limits the scope of the appeal: Com. ex rel. v. Snyder, 294 Pa. 555) asks us to decide only whether the agreed discounts accurately measure plaintiff's damages. It would be sufficient to say that this question is not raised by the affidavit of defense, and hence, in the nature of things, could not stand in the way of judgment for want of a sufficient affidavit of defense. Moreover, if it had been there raised, it would have been unavailing. It is urged that, from the agreed discounts, an allowance should be made for the cost of shipment from defendant's plant to plaintiff's place of business, and also for the overhead charges which it is suggested plaintiff would have had to pay, had it sold the tractors, as the contract contemplated it would do. Neither of these claims can be allowed. By the contract, the purchasers, whom plaintiff obtained, always bought the tractors f. o. b. defendant's factory, hence they, and not plaintiff, were liable for the cost of shipment. During the time these sales were being made, plaintiff had and maintained, as the contract required, places of business for the sale of the tractors, and there is neither presumption nor averment that its overhead expenses would have been increased, if it, and not defendant, had sold the tractors in the exclusive territory. Upon each point, therefore, the affidavit of defense was ineffective to raise an issue of fact.

Defendant relies on French v. Pullman Motor Car Co., 242 Pa. 136, but it is not in point. There, by reason of defendant's wrongful refusal to renew the contract in suit, plaintiff shut down his plant, and the overhead charges, which he would have incurred had the contract been renewed, were wholly done away with. Under such

circumstances, of course, plaintiff's net profits, for which defendant was liable, were the commissions less the costs plaintiff would have had to pay in order to earn them. Here, however, when the tractors were sold, plaintiff was still carrying on the business as theretofore, and paying the overhead charges in so doing. Hence, to deduct them from the discounts would be, in effect, to compel plaintiff to pay them a second time.

The judgment of the court below is affirmed.