Kitay *v.* Halpern, Appellant.

Argued December 11, 1931.

Before TREX-
LER, P. J., KELLER, LINN, GAWTHROP, CUNNINGHAM,
BALDRIGE and STADTFELD, JJ.

*Louis Little,* for appellant.

*Frederic W. Miller,* for appellee.

OPINION BY BALDRIGE, J., January 28, 1932:
The plaintiff recovered a verdict of $2,500 as dam-

ages for injuries sustained as a result of the defendant striking him with his fist on the nose. The defendant admits striking the plaintiff, but he contends the plaintiff was the aggressor and struck him the first blow and that he was acting in self defense.

The appellant argues that the charge of the court was inaccurate as to the duty of the defendant to retreat, if the plaintiff was the aggressor. The trial judge laid down correct principles of law respecting the duty, in certain circumstances, of one who is attacked, which were not properly applicable to the facts in this case. They related to the well recognized rule that while a man may inflict grievous bodily harm or kill another in self defense, he may not do so if he has other probable means of escape: Logue v. Com., 38 Pa. 265; Com. v. Ware, 137 Pa. 465. These citations are criminal cases, but the law governing the right of self defense in civil cases is much the same: 5 C. J. 635. There was no attempt to apply that rule to the present facts and we are satisfied the jury was not misled when the charge, as a whole, is considered. It has been held many times that it is unfair to refer to detached excerpts, where the charge, in its entirety, lays down the correct principles and presents the issues of fact fully to the jury: Murphy v. Dyer, 223 Pa. 18, 22; Com. v. Szachewicz, 303 Pa. 410, 416. This is especially true when counsel is given an opportunity to request corrections: Cook v. Donaldson, 296 Pa. 389, 393.

The trial judge, in his instructions to the jury, said, ''This case is very simple in a way, because all that you are called upon to do is to determine whether the plaintiff has given you the facts as they occurred, or whether the defense. If the plaintiff, then he is undoubtedly entitled to a verdict at your hands. If the defendant, then the plaintiff is not entitled to a verdict and your verdict ought simply to be a verdict for the

defendant ...... If the plaintiff struck the first blow, as the defense says he did, then the defendant ought to have the verdict. If the defendant struck the only blow as plaintiff says he did, then the plaintiff is entitled to a verdict." That was a clear and fair statement of the issues involved, which could not have been misunderstood by the jury. After the charge, counsel were asked if additional instructions were desired. The attorney for the appellant said, "Only this, your Honor. Self defense, I take it, is such defense as seems reasonable to the defendant under the circumstances." The judge again told the jury that if the testimony of the defendant was adopted, that he was struck by the plaintiff when he was close by him, then the blow which the defendant struck was an act in self defense. Thereupon, the appellant's counsel said, "That covers it."

Taking the instructions as a whole, we find no such material misdirection as would warrant a reversal on that ground.

It is contended further on the part of the appellant that the charge respecting the damages materially prejudiced the defendant. The statement of question involved asks us to decide only whether the court erred in its instructions respecting the duty of a person to retreat when attacked, to which the scope of this appeal is confined: Morrow-Smith Co. v. Cleveland Traction Co., 296 Pa. 377. Nevertheless, we have examined the charge and find that the court correctly advised the jury as to the proper elements of damage. The injury inflicted was of a very serious and painful nature, and, if the plaintiff's evidence is to be believed, it caused a deformity of the nose which would require a very expensive operation to correct.

A careful review of the entire record fails to disclose any just reason for interfering with the verdict.

Judgment affirmed.