Commonwealth *v.* Watson, Appellant.

Submitted March 11, 1935.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Saul C. Waldbaum,* for appellant.

*Charles C. Gordon,* Assistant District Attorney, for appellee, did not appear and filed no brief.

OPINION BY RHODES, J., April 22, 1935:

The defendant in this case was indicted for riot; also for simple assault and battery. He was tried and convicted of the latter only, the riot charge having been dropped.

Defendant was one of a group of pickets who, on the morning of March 3, 1934, was walking in front of Bornot's Cleaning plant at 34th Street and Lehigh Avenue, Philadelphia, Pa. The prosecuting witness, Harris, testified that he was hit once, from behind, on the left side of the face, while loading a truck of Bornot's which was backed against the curb, and that he did not see who hit him. The defendant claimed that while marching in the picket line he squeezed through a space between Harris and a push cart used to load the truck; that as he did so Harris gave him a jab in the ribs with his elbow; that defendant asked "What is the idea?"; that Harris then made a motion as though to strike defendant, whereupon the defendant struck him in self-defense.

Officer Dunn, a Commonwealth witness, who was stationed in front of the plant along with many other police, testified he was about six feet from Harris and that he saw the defendant strike Harris three times as he passed by in the picket line, while Harris' back was turned.

The assignments of error which merit consideration are those complaining of portions of the charge of the court. The ninth assignment of error complains

of the following portion of the charge: "He had no right to strike that man. There were officers in line there. A man can use only such force as is necessary to protect himself from harm. The law imposes a duty on all persons with respect to the rights of others. You cannot go out and beat a man, but you can go to law if a man attacks you. Your duty in law is to withdraw, not to engage in a fight, only if necessary to protect yourself from harm."

The tenth assignment of error complains of the following portion of the charge: "I do not see on what consideration in this case you can find a justification here for what the man assumes he said he did. There is no pretense here that the defendant committed this act, this assault, to save himself from injury, and yet that would be the only kind of a defense that would be available, assuming that you believe his story about the case."

The ninth and tenth assignments of error must be sustained. The learned trial judge instead of setting forth the law applicable to the case arbitrarily states in his charge: "He (meaning the defendant) had no right to strike that man." ...... and that, "I do not see on what consideration in this case you can find a justification here for what the man assumes he said he did." In so stating the learned court went beyond a fair expression of opinion and practically directed a verdict of guilty.

Nowhere in the charge does the court define the crime of assault and battery; nor does it mention anything concerning the burden of proof, or the presumption of innocence of the defendant. One of the controverted questions in the case was whether the defendant had struck the prosecutor once as testified to by both prosecutor and defendant, or three times, as testified to by Officer Dunn. Yet, the court charged as follows: (Eighth and eleventh assignments of

error) "The man himself says he was hit only once, another proof he is not vindictive. He makes it less than it really was, according to his story. He makes it as one blow struck instead of three. He says he was not hurt. Does that have a ring of truth in it or not? ...... You have heard the prosecuting witness. Did he sound like a disinterested person? He certainly minimized it and made it less than it was; ......" It is palpable error for the court to assume as a fact one of the essentially controverted issues in the case: Commonwealth v. Ronello, 242 Pa. 381, 89 A. 553; Commonwealth v. Bober, 59 Pa. Superior Ct. 573. The court of its own accord introduced the element of lack of vindictiveness on the prosecutor's part in the case, for which there was no support in the evidence.

The charge as a whole is inadequate, misleading and argumentative. The main purpose of a charge is to set forth and explain the law to the jury, and not to present an argument for the conviction of the defendant. Commonwealth v. Meads, 29 Pa. Superior Ct. 321.

The trial judge may review the evidence and express an opinion thereon and may refer dispassionately to its points of strength and weakness, but he must plainly and clearly leave the decision of facts and inferences to be drawn therefrom entirely to the jury: Commonwealth v. Green, 292 Pa. 579, 141 A. 624; Commonwealth v. Nafus, 303 Pa. 418, 154 A. 485; Commonwealth v. Stabinsky, 313 Pa. 231, 169 A. 439; Commonwealth v. Edwards, 318 Pa. 1, 178 A. 20.

We are of the opinion that the defendant did not have a fair and impartial trial.

The judgment of the court below is reversed and a new trial granted.