Opinion by
 

 Hirt, J.,
 

 It is unfortunate, particularly in cases such as these, where the evidence is entirely sufficient to support the convictions that new trials must be granted because of an unjudicial presentation of the case to the jury by the trial judge.
 

 Defendant was convicted of sodomy on one indictment and of common law rape on another. The cases were tried together. The charge of the court contains
 
 *119
 
 this language: “This young girl whose reputation for chastity and morality, peace and good order, is unchallenged ......related to you in detail a story of such cruelty, such savagery and such monstrous conduct as is seldom heard from the witness stand.” The trial judge referred to “this fateful night,” “this terrible night,” and in reviewing the testimony of the prosecutrix, said: “She remonstrated with him and begged him to let her out, [of the automobile] and he refused and drove on and on,......to the mountainside until he reached a lonely spot in the woods, and there he had turned off his lights, and by struggle and by his physical superiority, holding her wrists, with his knee across her knees, forced her, by superior physical strength, by his overpowering personality, by his threats, which she said he said he would kill her if she did not submit; and there in that lonely woods this young girl, weighing 110 pounds, yielded to this man whom she said looked like a savage, like a monster, and after two hours of this terrible experience he told her to put on her clothes ______ She says that she shall never forget the features of that grim visaged monster, that savage, who committed that rape upon her under those circumstances ......that he himself undressed, even to his shoes and stockings; and there in that beastly condition he committed this unspeakable offense of sodomy, as well as rape......Then she says that she went home, dragging her poor, cruelly abused body, ten squares from where he had shoved her out of the car in the darkness Of the night at 2:30 in the morning. She dragged herself to her home, where she was met by her mothér and her sister, faithfully waiting for the missing child True, for the most part the trial judge was but repeating language used by the witness and her conclusions of fact, but the phrase “grim visaged monster” was his own characterization of the perpetrator of the crimes.'
 

 These cases called for no extended review of the testimony as to the circumstances attending the com
 
 *120
 
 mission of the crimes for there could be no doubt in the minds of the jury that the offenses were committed by someone. The real and vital question at issue was one of identity; whether defendant was the man.
 

 Dramatization of the testimony has no place in a charge of the court. “The main purpose of a charge is to set forth and explain the law to the jury and not to present an argument for the conviction of the defendant”:
 
 Com. v. Watson,
 
 117 Pa. Superior Ct. 594, 178 A. 408. Rhetoric when employed for the same purpose is as objectionable in a charge as argument. The effect of this language upon the jury in considering the question of identity must have been inflammatory and well may. have prevented a fair consideration of defendant’s evidence of an alibi. We cannot say that it did not materially prejudice defendant’s cause.
 
 Com. v. Trunk,
 
 311 Pa. 555, 167 A. 333;
 
 Com. v. Westley,
 
 300 Pa. 16, 150 A. 94. The charge as a whole is not the calm and dispassionate presentation to which the defendant was entitled as a matter of fundamental right and a new trial must be ordered on that ground.
 
 Com. v. Robinson,
 
 102 Pa. Superior Ct. 46, 156 A. 582.
 

 Since,the cases must be retried, some reference may be made to the following excerpt from the charge on the subject of identity. “However, the question of identity of the man is most important, and you should seriously consider and scrutinize all of the evidence submitted
 
 by the defendant
 
 on the question as to whether he was the individual or not. Even though you would find that the evidence established the fact that this young girl had been raped you could not find the defendant guilty of the charge until you would be satisfied by the evidence in this case, and nothing else, beyond a reasonable doubt, as we have defined doubt; that he was there, and that he did commit the assault and perpetrate the rape upon her body.” The effect of this language, undoubtedly not intended by the trial judge, was to place some burden upon the defendant of proving that
 
 *121
 
 he was not the person identified by plaintiff. On the subject of identity the jury were bound to consider
 
 all
 
 of the testimony including that of the prosecutrix and the burden remained on the Commonwealth to establish defendant’s guilt. Only in the attempt to set up an alibi was there any obligation on the defendant to assume the burden of an affirmative defense and this probably was what the trial, judge had in mind. We are mindful of the principle that the charge must be read in its entirety
 
 (Com. v. Stelma,
 
 327 Pa. 317, 192 A. 906;
 
 Com. v. Becker,
 
 326 Pa. 105, 191 A. 351) and cannot properly be separated into isolated parts and these considered without relation to the charge as a whole.
 
 Com. v. Buoy,
 
 128 Pa. Superior Ct. 264, 193 A. 144. But much care must be exercised by the trial judge in charging the jury on the subject of identity.
 
 Com v. Sharpe,
 
 138 Pa. Superior Ct. 156, 10 A. 2d 120. And a misstatement of the law in one part of a charge unless expressly withdrawn from the jury is not cured by a correct statement in another part, as it is impossible to know which the jury accepted.
 
 Com. v. Divomte,
 
 262 Pa. 504, 105 A. 821;
 
 Com. v. Ross,
 
 266 Pa. 580, 110 A. 327;
 
 Com. v. Deitrich,
 
 221 Pa. 7, 70 A. 275.
 

 Judgments reversed with a venire in each case.