Commonwealth *v.* Wilkerson, Appellant.

Argued June 8, 1964. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*Edward E. Rieck,* for appellant.

*Louis Abromson,* Assistant District Attorney, with him *Robert W. Duggan,* District Attorney, for Commonwealth, appellee.

OPINION BY MONTGOMERY, J., September 17, 1964:

Appellant-defendant was tried on two indictments charging him with armed robberies of the Pennsylvania Savings and Loan Association. Each indictment charged a separate offense, one occurring on February 9, 1962, and the other on April 26, 1963. The jury found him guilty of the earlier offense but acquitted him of the latter.

In this appeal he complains of prejudice in the refusal of his motion for a separate trial on each indictment, of error in the admission of a written statement given by Robert Lee Allen, a Commonwealth witness, and of errors in the charge of the court (ALPERN, J.). He contends also that the evidence does not support his conviction. We shall confine our discussion to the complaint of errors in the charge of the court since we conclude that a new trial is necessary on that basis.

In regard to the February 9, 1962 offense, the Commonwealth relied on the testimony of Miss Elizabeth Pinter, an employe of the Pennsylvania Savings and Loan Association, for positive identification of the defendant. She first identified the defendant at a line-up on May 14, 1963. However, at a line-up held on March 31, 1962, she did not fully identify the defendant but filled out a line-up slip, Commonwealth Exhibit No. 11, on which she indicated that the defendant was the one in the line-up closest in resemblance to the robber. On direct examination Miss Pinter testified: "Q. Miss Pinter, do you have any explanation as to why you were sure on May 14, 1963, and you were not sure on March of 1962? A. Well, the line-up—I don't know, I just must have had him in the back of my mind, and it came to me; the year before that, I had seen so many, I just couldn't be sure, and I didn't want to say." On cross-examination she testified that the robbery took place

in three to five minutes; and she testified as follows: "Q. Then, Miss Pinter, isn't it true that your observation of the robber was somewhat limited in that you were only able to take quick glimpses of the robber, that you were only able to observe the front of his face and only that part of his face from his eyes down? A. Well, I guess so, being that he had a hat on and a coat, it was snowing outside, I guess if it limits it, I guess it does. . . . Q. At this first line-up after the February 9, 1962 robbery, the one we are speaking about, do you recall telling one of the detectives there present that the robber was taller, heavier and lighter-skinned than the defendant? A. I think so. Q. Didn't you also tell them at this time, that is, the City Detectives, that the defendant's voice was much hoarser than the robber's? A. Yes, I did, his voice was hoarse in the line-up. . . . Q. The robber's voice was not hoarse? A. No, it was soft and not as hoarse as it was in the line-up, but it was sort of a loud whisper."

Appellant submitted a point for charge to the court which read as follows: "3. On the subject of the identity of the Defendant, the jury must keep in mind all the testimony of the prosecution and the Defendant. The burden of proving identification rests on the Commonwealth, which means proving Defendant's identity as that of the robber beyond a reasonable doubt. In determining whether or not the Commonwealth has met the burden, the jury should consider the fact that the identification of the Defendant was not made during a line-up 1½ months after the first robbery, but was made 15 months after the first robbery. The jury should also remember that at the time of the line-up at which Miss Pinter identified the Defendant, she indicated to the detectives that the Defendant most closely resembled the robber of those standing in the line-up, but that she

informed the detectives that the robber was taller, heavier, and lighter-skinned than the Defendant and that the robber's voice was not so hoarse as that of the Defendant. Commonwealth vs. Stoltz, 147 Pa. Super. 117 (1942)." This point was "Refused for the reason that points covered in charge," to which ruling an exception was noted to the defendant.

The trial court charged the jury that the Commonwealth had the burden of proving the defendant's guilt beyond a reasonable doubt and reviewed much of the testimony of Miss Pinter on identification of the defendant. However, the court did not mention the testimony of Miss Pinter, elicited on cross-examination, to the effect that her observation of the defendant at the time of the robbery was somewhat limited and that at the first line-up the defendant appeared to be shorter, less heavy, and darker-skinned and his voice was hoarser than the robber's. Furthermore, the trial court did not give the jury a cautionary instruction on receiving the identification evidence.

The law applicable to identification testimony and charge of the court thereon is found in *Commonwealth v. Kloiber,* 378 Pa. 412, 424, 106 A. 2d 820, 826 (1954), cert. denied 348 U.S. 875, 75 S. Ct. 112, 99 L. Ed. 688, and frequently has been cited and followed. Mr. Justice BELL, speaking for the unanimous court, therein stated that testimony as to identification need not be received by the jury with caution and indeed may be treated as the statement of a fact where (1) the witness had an opportunity to observe the assailant clearly, (2) the witness is positive in his identification, (3) the witness' identification testimony is not weakened by prior failure to identify, and (4) the witness' testimony remains positive and unqualified even after cross-examination. However, if any one of these four conditions is not met, "the accuracy of

the identification is so doubtful that the court should warn the jury that the testimony as to identity must be received with caution."

We are of the opinion that two of the above criteria were not fulfilled in this case and that, therefore, the defendant was entitled to a cautionary instruction in the charge of the court on the question of the identification testimony of Miss Pinter. At the time of the robbery Miss Pinter had only three to five minutes to observe the robber and then only below the eyes. She failed to identify positively the defendant on the first occasion that she had the full opportunity to do so. The jury should have been instructed that they were to receive this evidence and testimony with caution and that they were to scrutinize it carefully because (1) the witness did not have an opportunity to observe the robber clearly and (2) the witness' testimony was weakened by a prior failure to identify. The absence of such an instruction in this case constituted prejudicial error. We do not hold conclusive the fact that the defendant in his Point for Charge No. 3 did not request a specific cautionary instruction since, in the circumstances, the need for the instruction arose independent of a request for charge; however, the entire tenor of the requested instruction was cautionary because of its phrasing and the particular items of evidence mentioned therein.

Judgment of sentence reversed and a new trial ordered.

———

CONCURRING OPINION BY WRIGHT, J.:

I concur in the grant of a new trial, but for a different reason. The only point which troubles me is the admission of the written statement of Robert Lee Allen. Called as a witness by the Commonwealth, Allen re-

pudiated this statement in toto. He explained that he had accused appellant out of revenge because of an altercation concerning a girl friend. Allen's written statement was nevertheless permitted, over objection, to be introduced by the Commonwealth as part of its case in chief, and was sent out with the jury. It is my view that this was reversible error.