Commonwealth *v.* Presogna, Appellant.

Argued April 13, 1972. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and PACKEL, JJ.

*Stephen H. Hutzelman,* for appellant.

*J. Messina,* Assistant District Attorney, with him *Alois Lubiejewski,* and *R. Gordon Kennedy,* District Attorney, for Commonwealth, appellee.

OPINION BY PACKEL, J., June 16, 1972:

In a bizarre setting this case presents the issue of whether self-defense can be a valid defense to an indictment for assault and battery where the defendant was not in danger of death or great bodily harm. The prosecution contended that the defendant-appellant had beaten a fellow prisoner because a kangaroo court had found him guilty of squealing to the prison guards. The defendant contended that he reasonably thought he was being attacked by a fellow prisoner who had a pencil in his hand, and that, therefore, he struck the attacker in self-defense. The jury returned a verdict of guilty of assault and battery.

The defendant sought a new trial because the judge charged that self-defense is available as a defense only if the defendant has a reasonable belief that his life is in jeopardy, or that he will suffer great bodily harm. The judge also said that in his personal opinion, the lead pencil held by the fellow prisoner was not a sufficient weapon to justify a defense of self-defense.[1] The court below en banc, with one judge dissenting, concluded that the charge was correct, and that Pennsylvania was lined up with the jurisdictions following the more restricted view of self-defense set forth in the charge.

An analysis of the Pennsylvania cases purportedly following the majority view[2] does not bear out that

---

[1] The court went even further by making a distinction between justification and self-defense, without clarification, by saying that the action "may have been justified but not as self-defense because it would be hard for me to believe that a lead pencil would put a man's life in jeopardy or would threaten him with great bodily harm."

[2] I Wharton's Criminal Law and Procedure (Anderson Ed. 1957), §349, points out that 16 states, as opposed to 5 states, hold that danger of death or great bodily injury is necessary to support a claim of self-defense in an assault and battery case. It erron-

conclusion. In fact, an analysis of the Pennsylvania cases leads to the conclusion that there is a right to repel non-deadly force with force which is reasonable under the circumstances. In *Commonwealth v. Watson*, 117 Pa. Superior Ct. 594, 595, 178 A. 408, 409 (1935), this Court implicitly recognized the right when it set out the defendant's version of the facts as follows: ". . . Harris gave him [the defendant] a jab in the ribs with his elbow; that defendant asked 'What is the idea?'; that Harris then made a motion as though to strike defendant, whereupon the defendant struck him in self-defense." Confusion has stemmed, however, from the fact that although the right of self-defense exists, it may be forfeited by a use of excessive force. *Commonwealth v. Sutton*, 51 Pa. Superior Ct. 191 (1912). In *Commonwealth v. Sacco*, 98 Pa. Superior Ct. 347, 351 (1930), this Court upheld the following charge upon this issue: "While a man may repel force with force, one may repel a blow with a blow, yet he was not justified in repelling a mere stroke of the hand by using a knife upon his adversary. . . ." There the defendant had inflicted a serious knife wound after the victim had struck him with his fist. Thus, while the Court concluded that the defense was unavailable under those circumstances, it in no way restricted the right of self-defense exclusively to situations involving a threat of deadly force.

The existence of the "retreat to the wall" doctrine has, also, confounded the issue. It is well settled in Pennsylvania that the doctrine applies when self-defense is asserted as a defense to certain homicides. *Commonwealth v. Collazo*, 407 Pa. 494, 180 A. 2d 903 (1962). In *Commonwealth v. Roman*, 52 Pa. Superior Ct. 64 (1912), the trial court gave a "retreat to the wall" in-

---

eously includes Pennsylvania within the former group upon the basis of *Sacco*, *infra*.

struction where the defendant had retaliated against non-deadly force. This Court concluded that such an instruction was erroneous but considered the error harmless because the defendant had forfeited his claim of self-defense by a use of excessive force. In *Commonwealth v. Banks*, 216 Pa. Superior Ct. 405, 268 A. 2d 230 (1970), however, this Court reversed a conviction on the basis of the same erroneous charge.[3]

The principal reason for imposing limitations upon the right of self-defense is to keep physical violence at a minimum. It is socially desirable that disputes be settled by peaceful means if possible, and, therefore, the law should discourage hasty resorts to violence. A rule, however, which completely denies a right of self-defense to one threatened with non-deadly force goes to an unnecessary extreme to serve that purpose. In fact, it requires a person with no means of escape to suffer genuine physical harm or to incur criminal liability if he merely responds to the blows of another.

A rule, like the common law tort rule,[4] which predicates the existence of the right of self-defense upon the reasonableness of the force employed strikes a more appropriate balance between the preservation of social order and the self-protection of the individual. This approach is embodied in the Model Penal Code, §3.04 (Tent. Draft No. 8, 1958), which provides:

---

[3] It should be noted that no exception was taken to the charge at trial in the persent case or in *Banks, supra.* There the Court held that where there is basic and fundamental error in the charge the general rule will not be applied. *Commonwealth v. O'Brien*, 312 Pa. 543, 168 A. 244 (1933).

[4] *Kitay v. Halpern*, 104 Pa. Superior Ct. 167, 158 A. 309 (1932). The Restatement of Torts, 2d, §63 (1965), provides: "(1) An actor is privileged to use reasonable force, not intended or likely to cause death or serious bodily harm, to defend himself against unpriviledged harmful or offensive contact or other bodily harm which he reasonably believes that another is about to inflict intentionally upon him."

"(1) *Use of force justifiable for protection of the person.*

"Subject to the provisions of this Section and of Section 3.09, the use of force upon or toward another person is justifiable when the actor believes that such force is immediately necessary for the purpose of protecting himself against the use of unlawful force by such other person on the present occasion."

The criminal law of Pennsylvania, despite some confusion, is thus actually in accord with the view that the right of self-defense exists in a criminal case without regard to the nature of the harm threatened as long as the force employed is not excessive under the circumstances. It was fundamental error, therefore, for the lower court to charge that the right of self-defense was confined to situations involving a threat of death or serious bodily harm. Furthermore, a blow against a blow is not the type of controversy which warrants the necessity for an increase in already crowded criminal dockets.

The judgment of sentence is reversed and a new trial granted.

WRIGHT, P. J., and WATKINS, J., dissent.