392 A.2d 786

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Dale Edward WILLIAMS, Appellant.**

Superior Court of Pennsylvania.

Submitted June 13, 1977.

Decided Oct. 20, 1978.

266

Gary A. Delafield, Assistant Public Defender, Bellefonte, for appellant.

Charles C. Brown, Jr., District Attorney, Bellefonte, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

CERCONE, Judge:

The instant appeal, following appellant's being granted leave to file post-verdict motions nunc pro tunc, arises from his conviction for simple assault. Appellant, who at all relevant times was an inmate at Rockview State Correctional Institution, essentially argues that the Commonwealth did not prove simple assault because the evidence clearly established appellant acted in self-defense. We disagree and will affirm the judgment of sentence.

On the evening of March 14, 1974 appellant received a misconduct "write-up" for allegedly calling one of the prison guards a name. The result of the "write-up" was that appellant was to be confined to his cell for a period of time and not allowed to mingle with fellow inmates. Appellant was disgruntled by the discipline, apparently because he felt the incident was the consequence of the guard's misunderstanding. Therefore, the following morning, when appellant's cell was unlocked to remove his tray after breakfast, appellant walked out of his cell, sat on a bench in the corridor, and refused to return to the cell until he saw his counselor or a prison doctor. When a variety of prison officials could not orally persuade appellant to return to his cell, at least until his counselor reported to work,[1] they moved him bodily into his cell. Appellant resisted by punching and kicking the various guards involved; hence, the charge of simple assault. The Crimes Code, 18 Pa.C.S. § 2701 (1973).

The crux of appellant's argument is that he was privileged to strike the guards because he was merely retaliating to their initial use of force. In other words, appellant claims that, in self-defense, he was entitled to use reasonable force under these circumstances. Cf. *Commonwealth v. Presogna*, 221 Pa.Super. 431, 292 A.2d 476 (1972).

The difficulty with appellant's argument is that it does not come to grips with the fact that the prison guards' initial use of force was privileged, at least when appellant refused

1. This incident occurred at 7:00 A.M., and appellant's counselor was not due for work until 8:30 A.M.

to comply with their requests that he voluntarily return to his cell. The Crimes Code, 18 Pa.C.S. § 505 (1973) sets for the circumstances under which a person may use force for his self-protection. Subsection (a) thereof provides:

"(a) Use of force justifiable for protection of the person. —The use of force upon or toward another person is justifiable when the actor believes that such force is immediately necessary for the purpose of *protecting himself against the use of unlawful force* by such other person on the present occasion." [Emphasis added.]

It should be clear that if the guards' use of force was not unlawful, appellant was not entitled to use physical force to resist them. In this regard The Crimes Code, 18 Pa.C.S. § 509(5)(i) (1973) applies. That section provides:

"The use of force upon or toward the person of another is justifiable if:

.  .  .  .  .

(5) The actor is a warden or other authorized official of a correctional institution; and:

(i) he believes that the force used is necessary for the purpose of enforcing the lawful rules or procedures of the institution, unless his belief in the lawfulness of the rule or procedure sought to be enforced is erroneous and his error is due to ignorance or mistake as to the provisions of this title, any other provision of the criminal law or the law governing the administration of the institution  .  .  .."

Since there is no argument that appellant's being disciplined by segregated confinement was unlawful following his allegedly calling a guard a name, it is clear that appellant was not entitled to use force for self-protection. Therefore, his argument that the Commonwealth's case-in-chief established this defense is wholly without merit.[2]

Judgment of sentence affirmed.

2. Appellant also argues that his conduct was not a crime, but merely the violation of the prison's internal discipline provisions. Regard-

WATKINS, former President Judge, and HOFFMAN, J., did not participate in the consideration or decision of this case.

less of whether appellant additionally violated prison regulations, his conduct nevertheless constituted the misdemeanor of simple assault. His argument that prison regulations preempt The Crimes Code is patently frivolous.