J-S21025-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| KURT ALLYN SHEERIN | : | |
| | : | |
| Appellant | : | No. 1656 MDA 2021 |

Appeal from the Judgment of Sentence Entered September 28, 2021,
in the Court of Common Pleas of Cumberland County,
Criminal Division at No(s):  CP-21-CR-0000900-2020.

BEFORE:   DUBOW, J., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY KUNSELMAN, J.:                    **FILED:  JULY 26, 2022**

Kurt Sheerin appeals from the judgment of sentence imposed after a jury convicted him of assaulting two prison guards.[1]  Sheerin claims the Commonwealth offered insufficient proof that he was not acting in self-defense.  We disagree and affirm.

On October 5, 2019, at State Correctional Institution – Camp Hill, Sheerin was in a line with his fellow inmates in the medical dispensary to receive his pills.  The dispensary's computers shutdown and brought the line to a halt.  This upset Sheerin, because he was missing his evening television programs.  He began to raise a ruckus.

Corrections Officer Craig Crankfield approached Sheerin to diffuse the situation.  Sheerin returned to the line, but he soon left it a second time.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] **See** 18 Pa.C.S.A. § 2702(a)(3).

Again, C.O. Crankfield convinced Sheerin to return to the line. Sheerin again became upset at the delay and exited the line for a third time. Sheerin and C.O. Crankfield began to argue. The C.O. reached for his oleoresin-capsicum spray[2] and said, "You need to get back in line. If you don't get back in line, I am going to spray you." N.T., 8/31/21, at 63.

Sheerin began moving back into line. However, two seconds later, he returned to C.O. Crankfield and said, "Do you know what, mother fucker, why don't we just go back to my cell and talk." *Id.* at 66. Based on his experience, C.O. Crankfield interpreted this as a threat.

Therefore, C.O. Crankfield ordered Sheerin "to cuff-up," – *i.e.*, to put his hands behind his back for handcuffing. The C.O. intended to take Sheerin to the restricted-housing unit as a punishment for the threat. *Id.*

Sergeant James Hunsberger was also in the dispensary and heard the commotion. He and another C.O. went to investigate. According to Sgt. Hunsberger, Sheerin and C.O. Crankfield "were pretty much nose-to-nose, and it didn't look like it was a good conversation." *Id.* at 107. This prompted Sgt. Hunsberger and C.O. Johnson to approach Sheerin. Sgt. Hunsberger heard C.O. Crankfield tell Sheerin, "We are done here. Turnaround and cuff-up." *Id.* at 109.

When C.O. Crankfield went to arrest Sheerin, he resisted, and the three C.O.'s had to subdue him. In the process, Sheerin headbutted C.O. Crankfield

---

[2] Oleoresin-capsicum spray is an C.O.'s equivalent of pepper spray or mace.

and elbowed him in the head. C.O. Crankfield saw stars and became dazed. Sheerin also bit off and swallowed part of Sgt. Hunsberger's finger.

C.O. Crankfield and Sgt. Hunsberger required medical attention at a nearby hospital. Sheerin had concussed C.O. Crankfield and exacerbated a concussion the C.O. suffered in 2017 or 2018. Sgt. Hunsberger lost the top of his finger and his fingernail permanently. Both officers missed about three months of work.

The Commonwealth charged Sheerin with multiple offenses, and the jury convicted him as described above. The trial court sentenced him to an aggregate term of three to six years' incarceration and denied his motion for post-sentence relief. This timely appeal followed.

Sheerin raises three appellate issues:

1. Whether the evidence was sufficient to support the jury's finding that [he] did not act in self-defense under 18 Pa.C.S.A. § 505?

2. Whether the evidence was sufficient to support the jury's verdict of guilty as to the charge of Aggravated Assault, causing or attempting to cause bodily injury to [C.O.] Crankfield?

3. Whether the jury's findings of guilt as it relates to the charges of Aggravated Assault (2 counts) was against the weight of the evidence presented at trial?

Sheerin's Brief at 6. We address each issue in turn.

First, Sheerin claims that there was insufficient evidence to support a factual finding that he was not acting in self-defense when he harmed C.O.

Crankfield and Sgt. Hunsberger. Essentially, he argues the law allowed him to fight off and resist the guards.

When considering the sufficiency of the evidence to convict someone, "our standard of review is *de novo*; however, our scope of review is limited to considering the evidence of record, and all reasonable inferences arising therefrom, viewed in the light most favorable to the Commonwealth as the verdict winner." **Commonwealth v. Rushing**, 99 A.3d 416, 420–21 (Pa. 2014). "Additionally, we may not reweigh the evidence or substitute our own judgment for that of the fact finder." **Commonwealth v. Johnson**, 236 A.3d 1141, 1151–52 (Pa. Super. 2020), *appeal denied*, 242 A.3d 304 (Pa. 2020).

As to self-defense, the Commonwealth must disprove the defense beyond a reasonable doubt. **See Commonwealth v. Reynolds**, 835 A.2d 720, 731 (Pa. Super. 2003).

Sheerin's assertion of self-defense fails, as a matter of law, under the precedent of this Court. His argument on this issue "does not come to grips with the fact that the prison guards initial use of force was privileged, at least when [Sheerin] refused to comply with [the C.O.'s] request" to cuff-up. **Commonwealth v. Williams**, 392 A.2d 786, 787 (Pa. Super. 1978).

In **Williams**, an inmate ignored a directive from a C.O. to return to his cell. This prompted the C.O. to attempt to apprehend the inmate and to force him into the cell. Following the inmate's assault conviction, this Court rejected his claim of self-defense, because he had no right to defend himself against a C.O. who was attempting to apprehend him as an inmate.

- 4 -

The **Williams** Court explained that the statutory defense of self-defense is unavailable when done "to resist an arrest which the actor knows is being made by a peace officer . . . ." 18 Pa.C.S.A. § 505(b)(1)(i). Furthermore, an "authorized official of a correctional institution" is permitted to use force against an inmate if the official "believes that the force used is necessary for the purpose of enforcing the lawful rules or procedures of the institution . . . ." 18 Pa.C.S.A. § 509(5)(i). Based on that language, we held, because there was "no argument that [the inmate's] being disciplined . . . was unlawful . . . it is clear that [he] was not entitled to use force for self-protection." **Williams**, 392 A.2d at 788,

The operable facts of this case are identical to **Williams**. Like the guard in **Williams**, C.O. Crankfield directed Sheerin to "cuff-up" as a punishment for breaking the prison rules, *i.e.*, threating the C.O. As such, C.O. Crankfield ordered Sheerin to submit to his authority to arrest and to place Sheerin in the restricted-housing unit.

Sheerin does not claim C.O. Crankfield could not order him to "cuff-up." As such, 18 Pa.C.S.A. § 509(5)(i) authorized C.O. Crankfield and Sgt. Hunsberger to handcuff Sheerin and to touch him, even by using force, if needed. Thus, Sheerin had no right to resist them in the performance of their duties, as officers of the peace, when they moved to arrest him.

The Commonwealth presented sufficient evidence to disprove Sheerin's claims of self-defense, because two witnesses testified that C.O. Crankfield

directed Sheerin to submit to his arrest power. Sheerin resisted arrest, and his resistance is not privileged under 18 Pa.C.S.A. § 505.

Sheerin's first claim of error is unavailing.

Next, he claims there was insufficient evidence that he committed the offense of aggravated assault against C.O. Crankfield.[3] In his view, C.O. Crankfield changed his story at trial from prior written statements and from the preliminary hearing. *See* Sheerin's Brief at 23-24. He also contends the pictures of C.O. Crankfield taken after the altercation "failed to show any marks, bruising, or any other signs of bodily injury." *Id.* at 24. Based on what Sheerin believes is C.O. Crankfield's "questionable testimony that he was headbutted by [Sheerin] and upon the lack of any physical evidence of [C.O.] Crankfield's injuries, [Sheerin] submits that the evidence presented at trial was so weak and inconclusive that, as a matter of law, no probability of fact could be drawn from the combined circumstances." *Id.*

Sheerin's self-serving view of the evidence carries no weight on appeal, especially for purposes of a sufficiency-of-the-evidence review. *See Rushing*, *supra*; *see Johnson*, *supra* (explaining that we may not substitute our judgment of the facts for that of the jury). His arguments ignore the well-settled principles that the jury may believe all, part, or none of the evidence, and the jury makes credibility determinations. *See, e.g.*, *Commonwealth v. Gibbs*, 981 A.2d 274, 282 (Pa. Super. 2009). Thus, to whatever extent

---

[3] We incorporate our scope and standard of review here by reference to the first appellate issue.

C.O. Crankfield's testimony was "questionable," the jury, as the sole judge of the facts, was free to accept or reject his testimony as it saw fit.

Here, the jury credited C.O. Crankfield's recollection. He testified that Sheerin headbutted him and elbowed him in the head. According to the C.O., this concussed him and exacerbated a prior concussion. That testimony alone sufficiently established that Sheerin intentionally caused "bodily injury to any of the officers, agents, employees or other persons enumerated in subsection (c), in the performance of duty . . . ." 18 Pa.C.S.A. § 2702(a)(3). Subsection (c) includes any "officer or employee of a correctional institution . . . ." 18 Pa.C.S.A. § 2702(c)(9).

The Commonwealth offered evidence establishing that C.O. Crankfield was an officer of State Correctional Institution – Camp Hill at the time of the attack. Moreover, C.O. Crankfield testified that Sheerin's attack injured C.O. Crankfield's head. Thus, the second sufficiency claim is also meritless.

Finally, Sheerin asserts the "jury's findings of guilt [on] the charges of aggravated assault was against the weight of the evidence presented at trial." Sheerin's Brief at 24. By framing the issue in this fashion, Sheerin ignores our standard of review for a weight-of-the-evidence claim and how that standard should be argued in an for appellate brief.

In **Commonwealth v. Rogers**, 259 A.3d 539 (Pa. Super. 2021), *appeal denied*, ___ A.3d ___, 2022 WL 2233891 (Pa. 2022), we recently explained how an appeals court reviews a challenge to the weight of the evidence. The appellant, Rogers, similarly presented the wrong argument to this Court.

In his brief, Rogers asked, "Were not the verdicts so contrary to the weight of the evidence as to shock one's sense of justice?" *Id.* at 541. This Court stated:

> [Rogers'] phraseology misstates the question. By framing the issue in that manner, Rogers presents it as if we employed a *de novo* standard of review for evidentiary-weight claims. However, . . . the actual appellate issue is whether the trial court **abused its discretion** by deciding that its non-jury verdicts against Rogers were not against the weight of the evidence, so as to shock the trial court's conscience and its sense of justice.
>
> Rogers seems to believe that we can substitute our judgment on whether the guilty verdicts shocked the trial court's conscience for the trial court's conclusion that they did not. Our deferential standard of review does not permit this.
>
> Instead, our standard of review for a weight-of-the-evidence claim is an abuse of discretion. As we have often reminded appellants, an appellate court's standard of review when presented with a weight of the evidence claim **is distinct from the standard of review applied by the trial court**. Appellate review of a weight claim is a review of the exercise of discretion, **_not_ of the underlying question of whether the verdict is against the weight of the evidence**.
>
> Rogers disregards the distinction between the two standards of review. In fact, he omits this Court's standard of review on the instant issue from his brief. This omission is a critical misstep. By failing to recognize the correct, appellate standard of review in his brief, Rogers' argument misses the mark.
>
> In his evidentiary-weight argument, Rogers overlooks that "An abuse of discretion is not merely an error of judgment, but is rather the overriding or misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality, as shown by the evidence of record." **Commonwealth v. Santos**, 176 A.3d 877, 882

(Pa. Super. 2017). To mount an abuse-of-discretion attack against the trial court's determination that its guilty verdicts were not so against the weight of the evidence as to shock that court's own conscience, Rogers needed to demonstrate how the trial court's ruling overrode the law, was manifestly unreasonable, or the product of bias, prejudice, ill-will or partiality.

He makes no such contentions on appeal. Rather than claim an abuse of discretion, Rogers argues to us *de novo* that the verdicts were against the weight of the evidence, *i.e.*, that the witnesses lacked credibility, and that the trial court's verdicts were highly speculative. Accordingly, Rogers does not contend, much less persuade us, that the trial court overrode the law; made a manifestly unreasonable decision; or was motivated by bias, prejudice, or ill will.

Hence, we are unpersuaded that an abuse of discretion occurred and therefore dismiss Rogers evidentiary-weight issue as meritless.

*Id.* at 541–42 (some citations and punctuation omitted) (emphasis in original).

Sheerin repeats Rogers' mistake in this appeal. He simply recites some of the evidence and testimony from trial and then makes the conclusory assertion that he "should be awarded a new trial as the jury's verdict was so contrary to the evidence as to shock one's sense of justice . . . ." Sheerin's Brief at 25-26. This is an appropriate argument to a trial court in a post-sentence motion but not to an appellate court. Instead, Sheerin needs to convince us that the trial court abused its discretion when it determined the verdict did not shock its conscious. He does not identify, much less explain, which of the three types of abuses of discretion the trial court supposedly committed by deciding that the verdict not shock **that court's** conscience.

Therefore, Sheerin's argument invites us to substitute our judgment for a decision that the law rests in the sound discretion of the trial court, who was present for trial and observed the testimony firsthand. If we substituted our judgment for the trial courts by answering the question that Sheerin posed, this Court would commit reversable error. ***See Commonwealth v. Clay***, 64 A.3d 1049 (Pa. 2013).

In short, Sheerin does not contend – and, as such, does not persuade us – that the trial court abused its discretion when it denied his motion for post-sentence relief that the verdict was not against the weight of the evidence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 07/26/2022