J-A26025-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :   IN THE SUPERIOR COURT OF
:                PENNSYLVANIA
:
v.                              :
:
:
:
CURTIS NEWKIRK                   :
:
Appellant                  :   No. 833 WDA 2018

Appeal from the Judgment of Sentence April 16, 2018
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0014209-2017

BEFORE:  SHOGAN, J., LAZARUS, J., and OLSON, J.

MEMORANDUM BY OLSON, J.:                         **FILED MARCH 20, 2020**

Appellant, Curtis Newkirk, appeals from the judgment of sentence entered on April 16, 2018, as made final by the denial of Appellant's post-sentence motion on May 7, 2018.  We affirm.

The Commonwealth charged Appellant with simple assault.  During Appellant's bench trial, the Commonwealth first presented the testimony of the victim, P.M. (hereinafter "the Victim").  The Victim testified that, on November 1, 2017, she and Appellant were at the home of Appellant's sister. N.T. Trial, 4/16/18, at 4.  The Victim testified that she drank a large amount of alcohol, became extremely intoxicated, and, at some point, began arguing with Appellant.  *Id.* at 7 and 10.  According to the Victim, she mentally "blacked out" due to her excessive alcohol consumption and "woke up" to Appellant hitting her in the left arm with a metal pole.  *Id.* at 5.  The Victim testified that she called the police and reported the assault.  *Id.* at 6.

During Appellant's trial, a question arose as to when the Victim sprayed Appellant in the face with pepper spray. The Victim testified that, at the time of the assault, she believed that Appellant initially assaulted her and that she pepper sprayed Appellant only after he began hitting her. ***See id.*** at 7. However, during trial, the Victim testified that, "about two weeks after [the attack,] when the swelling in [her] brain went down," she remembered that she "pepper sprayed [Appellant] first" and that Appellant only beat her with his fists and the metal pole after she had first pepper sprayed him. ***See id.*** at 11.

The Commonwealth next presented the testimony of City of Pittsburgh Police Officer Sean Stumpf. Officer Stumpf testified that he responded to the Victim's call on November 1, 2017 and, when he arrived at the scene, he noticed "two large lumps on [the Victim's] face – her forehead . . . and obvious swelling to her left . . . arm and hand." ***Id.*** at 13. Over Appellant's hearsay objection, which the trial court overruled, Officer Stumpf testified that the Victim told him:

> There was an argument over beer, she was getting punched in the face and then while – shortly after being punched in the face multiple times[, Appellant] . . . grabbed a pole and began beating her in the arm with it and she pepper sprayed him.

***Id.*** at 13-14.

Officer Stumpf testified that he located the metal pole at the scene. He testified that the pole was a hollow, "round metal pole[,] . . . approximately a half an inch in diameter[,] . . . approximately three feet long, . . . and it was

bent in half." *Id.* at 14. Further, Officer Stumpf testified that, after he located Appellant, Appellant told the officer "that [Appellant] had punched the [Victim] in the face and had beaten her with a pole." *Id.* at 16.

After presenting the testimony of Officer Stumpf, the Commonwealth rested its case and Appellant testified on his own behalf. Appellant testified that, after he and the Victim got into an argument, the Victim pepper sprayed him in the eyes and he began "struggling" with the Victim in self-defense. *Id.* at 25-26. Appellant testified that he "wasn't deliberately trying to punch [the Victim] in the face," that he never told Officer Stumpf that he punched the Victim, and that Officer Stumpf was "lying" when he testified that Appellant told the officer "that [Appellant] had punched the [Victim] in the face and had beaten her with a pole." *Id.* at 26.

At the conclusion of Appellant's bench trial, the trial court found Appellant guilty of simple assault.[1] In finding Appellant guilty of simple assault, the trial court specifically declared:

> Okay, you can't punch someone in the face or hit them with a pole even if you have been pepper sprayed. It was kind of my impression that you were out of [the Victim's] direct reach. I didn't believe a word you said is what it comes down to. I didn't believe a word she said either. I only believed the police. I believe you told that officer that you punched her in the face and that you hit her with the pole and I'm going to find you guilty.

*Id.* at 26-27.

---

[1] 18 Pa.C.S.A. § 2701(a)(1).

- 3 -

Further, within the trial court's Pennsylvania Rule of Appellate Procedure 1925(a) opinion, the trial court declared that it overruled Appellant's hearsay objection to Officer Stumpf's testimony because the Victim's statements to the officer qualified as an excited utterance. Trial Court Opinion, 1/22/19, at 3.

On appeal, Appellant raises two claims:

> [1.] Whether the trial court abused its discretion by admitting hearsay evidence offered by the Commonwealth that did not fall under any exception to the hearsay rule?
>
> [2.] Whether the Commonwealth offered sufficient evidence to disprove [Appellant's] claim of self-defense beyond a reasonable doubt?

Appellant's Brief at 5 (some capitalization omitted).

First, Appellant claims that the trial court erred in admitting Officer Stumpf's testimony, as it constituted inadmissible hearsay.

As this Court has stated:

> our standard of review for evidentiary rulings is a narrow one: when we review a trial court's ruling on admission of evidence, we must acknowledge that decisions on admissibility are within the sound discretion of the trial court and will not be overturned absent an abuse of discretion or misapplication of law. In addition, for a ruling on evidence to constitute reversible error, it must have been harmful or prejudicial to the complaining party. A party suffers prejudice when the trial court's error could have affected the verdict.

***Commonwealth v. Tyack***, 128 A.3d 254, 257 (Pa. Super. 2015) (quotations, citations, and corrections omitted).

"An abuse of discretion is not merely an error of judgment, but is rather the overriding or misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality, as shown by the evidence of record." **Commonwealth v. Cameron**, 780 A.2d 688, 692 (Pa. Super. 2011). Moreover, since this was a bench trial, we note that the trial court "is presumed to know the law, ignore prejudicial statements, and disregard inadmissible evidence." **Commonwealth v. Smith**, 97 A.3d 782, 788 (Pa. Super. 2014).

"Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." **Commonwealth v. McCrae**, 832 A.2d 1026, 1034 (Pa. 2003); Pa.R.E. 801(c). "Hearsay evidence is not admissible except as provided by the Pennsylvania Rules of Evidence, [the Pennsylvania Supreme] Court, or by statute." **McCrae**, 832 A.3d at 1034; Pa.R.E. 802.

Appellant objected to the following portion of Officer Stumpf's testimony, where the officer testified that the Victim told him:

> There was an argument over beer, she was getting punched in the face and then while – shortly after being punched in the face multiple times[, Appellant] . . . grabbed a pole and began beating her in the arm with it and she pepper sprayed him.

N.T. Trial, 4/16/18, at 13-14.

Officer Stumpf's testimony relays what the Victim told him about the fight and was offered into evidence to prove the truth of the matter asserted. As such, the testimony constitutes hearsay.

- 5 -

However, Pennsylvania Rule of Evidence 803 lists a number of exceptions to the rule against hearsay, one of which is the excited utterance exception. Rule 803(2) declares:

> The following are not excluded by the rule against hearsay, regardless of whether the declarant is available as a witness:
>
> . . .
>
> **(2) Excited Utterance.** A statement relating to a startling event or condition, made while the declarant was under the stress of excitement that it caused. When the declarant is unidentified, the proponent shall show by independent corroborating evidence that the declarant actually perceived the startling event or condition.

Pa.R.E. 803(2).

The Pennsylvania Supreme Court has explained:

> *Res gestae* statements, such as excited utterances, present sense impressions, and expressions of present bodily conditions are normally excepted out of the hearsay rule, because the reliability of such statements are established by the statement being made contemporaneous with a provoking event. While the excited utterance exception has been codified as part of our rules of evidence since 1998, **see** Pa.R.E. 803(2), the common law definition of an excited utterance remains applicable, and has been often cited by [the Pennsylvania Supreme] Court:
>
> > [A] spontaneous declaration by a person whose mind has been suddenly made subject to an overpowering emotion caused by some unexpected and shocking occurrence, which that person has just participated in or closely witnessed, and made in reference to some phase of that occurrence which he perceived, and this declaration must be made so near the occurrence both in time and place as to exclude the likelihood of its having emanated in whole or in part from his reflective faculties. . . . Thus, it must be shown first, that [the declarant] had witnessed

> an event sufficiently startling and so close in point of time as to render her reflective thought processes inoperable and, second, that her declarations were a spontaneous reaction to that startling event.
>
> ***Commonwealth v. Sherwood***, 982 A.2d 483, 495-496 (Pa. 2006).
>
> The circumstances surrounding the statements may be sufficient to establish the existence of a sufficiently startling event.

***Commonwealth v. Murray***, 83 A.3d 137, 157-158 (Pa. 2013) (some citations omitted).

In its Rule 1925(a) opinion, the trial court concluded that it was proper to admit the Victim's statement to Officer Stumpf, as it was an excited utterance and, thus, fell within an exception to the hearsay rule. Trial Court Opinion, 1/22/19, at 3. We conclude that the trial court did not abuse its discretion when it found that the Victim's statement to Officer Stumpf qualified as an excited utterance.

The evidence clearly established that the Victim called the police during the physical altercation with Appellant. N.T. Trial, 4/16/18, at 5. No one else was present when the police came. *Id.* at 4-5. Officer Stumpf was the officer who responded to the Victim's call. *Id.* at 13. The Victim identified herself to the officer as the person who had called the police. *Id.* She had two large lumps on her head and her left hand and arm were swollen. *Id.* It was at this time that she told Officer Stumpf that she and Appellant argued over beer, that Appellant punched her in the face several times and hit her with a metal pole and that she then pepper sprayed him. *Id.* at 13-14.

Based on this testimony, a reasonable conclusion is that Office Stumpf responded to a police call that occurred during a physical altercation between Appellant and the Victim. Immediately upon his arrival, the officer saw signs that the Victim was beaten and, when asked what had occurred, the Victim told Officer Stumpf the sequence of events. This testimony is clearly sufficient to establish that the Victim's statements were made close in time to the physical altercation, which constitutes a startling event. To be sure, the Victim had just suffered a significant beating, which would cause anyone to be under stress and emotionally upset. The Victim testified that no one else was present and, therefore, a reasonable inference can be made that she did not speak to anyone else before talking with Officer Stumpf. Finally, the Victim's statement was not made in narrative form and it was not the result of reflective thought. Instead, when Officer Stumpf arrived to investigate, the Victim told him what had occurred – there was an argument over beer that resulted in Appellant punching the Victim and hitting her with a metal pole, which prompted the Victim to pepper spray him. Thus, it was not an abuse of discretion for the trial court to find that the Victim's statement to Officer Stumpf fell within the excited utterance exception to the hearsay rule.

Moreover, we conclude that, even if Officer Stumpf's testimony constituted inadmissible hearsay, the admission of the testimony was harmless beyond a reasonable doubt.

As the Pennsylvania Supreme Court explained:

an erroneous ruling by a trial court on an evidentiary issue does not require us to grant relief where the error was harmless. The Commonwealth bears the burden of demonstrating harmless error.

Harmless error exists where: (1) the error did not prejudice the defendant or the prejudice was *de minimis*; (2) the erroneously admitted evidence was merely cumulative of other untainted evidence which was substantially similar to the erroneously admitted evidence; or (3) the properly admitted and uncontradicted evidence of guilt was so overwhelming and the prejudicial effect of the error was so insignificant by comparison that the error could not have contributed to the verdict.

***Commonwealth v. Chmiel***, 889 A.2d 501, 521 (Pa. 2005) (quotations and citations omitted).

Appellant was convicted of simple assault under 18 Pa.C.S.A. § 2701(a)(1). This section declares: "a person is guilty of assault if he: (1) attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another." 18 Pa.C.S.A. § 2701(a)(1). The term "bodily injury" is defined as "[i]mpairment of physical condition or substantial pain." 18 Pa.C.S.A. § 2301.

With respect to the right of self-defense, our law provides that the use of force against a person is justified "when the actor believes that such force is immediately necessary for the purpose of protecting himself against the use of unlawful force by such other person on the present occasion." 18 Pa.C.S.A. § 505(a). Further: "a person employing protective force may estimate the necessity thereof under the circumstances as he believes them to be when the force is used, without retreating, surrendering possession, doing any other act

which he has no legal duty to do or abstaining from any lawful action." 18 Pa.C.S.A. § 505(b)(3). "When a defendant raises the issue of self-defense, the Commonwealth bears the burden to disprove such a defense beyond a reasonable doubt." ***Commonwealth v. Torres***, 766 A.2d 342, 345 (Pa. 2001).

As we have held, the right of self-defense recognizes that a person may "repel non-deadly force with force **which is reasonable under the circumstances**." ***Commonwealth v. Presogna***, 292 A.3d 476 (Pa. Super. 1972) (emphasis added). Thus, "when the actor is confronted with non-deadly force . . . the actor's retaliation must not be excessive." ***Commonwealth v. Jones***, 332 A.2d 464, 466 (Pa. Super. 1974); ***Commonwealth v. Witherspoon***, 730 A.2d 496, (Pa. Super. 1999). In the words of our Supreme Court: "in . . . case[s] involv[ing] a mere battery, . . . force may be met with force so long as it is only force enough to repel the attack." ***Commonwealth v. Pollino***, 467 A.2d 1298, 1301 (Pa. 1983).

At the conclusion of the bench trial in this case, the trial court declared it was finding Appellant guilty of simple assault because "you can't punch someone in the face or hit them with a pole even if you have been pepper sprayed. It was kind of my impression that you were out of [the Victim's] direct reach." N.T. Trial, 4/16/18, at 26-27. Thus, the trial court declared that it found, as a fact, that even if the Victim pepper sprayed Appellant prior to the assault, Appellant was guilty of simple assault because he used excessive force.

We conclude that the evidence is sufficient to support the trial court's factual finding that, even if the Victim pepper sprayed Appellant first, Appellant was guilty of simple assault because he used excessive force in repelling the attack. Certainly, viewing the evidence admitted at trial in the light most favorable to the Commonwealth as the verdict winner, the evidence demonstrates that Appellant punched the Victim in the head and face and beat her with a metal pole to such an extent that she suffered immediate visible lumps on her head, immediate visible swelling of her left arm and hand, long-lasting pain in her left arm, and swelling in her brain. This evidence is sufficient to support the trial court's factual conclusion that Appellant used excessive force in response to being pepper sprayed and that the Commonwealth disproved Appellant's claim of self-defense beyond a reasonable doubt.

Further, since the trial court properly found that Appellant was guilty of simple assault even if the Victim first pepper sprayed him, any error in admitting Officer Stumpf's testimony was harmless beyond a reasonable doubt. Indeed, with respect to Officer Stumpf's testimony, Appellant's only claim of prejudice is that the testimony "show[ed Appellant] acted as the primary aggressor." *See* Appellant's Brief at 38. However, since the trial court found that Appellant was guilty of simple assault even if Appellant's attack was done in response to being pepper sprayed – and since the evidence is sufficient to support this finding – we conclude that any error in admitting Officer Stumpf's testimony was harmless beyond a reasonable doubt, as the

- 11 -

error could not have caused Appellant prejudice. *See Chmiel*, 889 A.2d at 521 ("[h]armless error exists where . . . the error did not prejudice the defendant").

Appellant's second-numbered claim on appeal contends that the evidence was insufficient to disprove his claim of self-defense. *See* Appellant's Brief at 31. However, given the above discussion, this claim necessarily fails. *See supra* at **8-12.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judge Shogan joins.

Judge Lazarus files a Dissenting Memorandum.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  3/20/2020