J-A12042-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DAVID COLON | : | |
| | : | |
| Appellant | : | No. 1963 EDA 2022 |

Appeal from the Judgment of Sentence Entered June 27, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0001268-2022

BEFORE: OLSON, J., NICHOLS, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.: **FILED AUGUST 7, 2023**

David Colon appeals from the judgment of sentence entered following his conviction for disorderly conduct, 18 Pa.C.S.A. § 5503(a)(1). He challenges the sufficiency of the evidence, the weight of the evidence, and the effectiveness of trial counsel. We affirm.

The trial court summarized the operative facts presented at Colon's bench trial as follows:

> [Colon] encountered [the victim] when he was swimming at a YMCA facility. At that time, [the victim] was at the YMCA facility to receive training to become a certified [YMCA] Swim Lessons Instructor. [The victim] heard [Colon] yell to another swimmer that he was going to "f---" her up. [Colon] had encountered this other swimmer while she was swimming in the same lane as [him]. . . . Upon observing this situation, [the victim] swam underneath two lanes to position herself between [Colon] and the [other swimmer] because it was [the victim's] job to protect the

welfare and safety of individuals[.[1]] As [Colon] was still yelling and backing up and was closer to the shallow end of the pool, the other swimmer said something to [Colon] and then [Colon] began to move forward towards [the victim] and the other swimmer. [The victim] did not move out of the way. [Colon] stepped to the side and then [the victim] stepped to the side while her hands were up at her chest area. [Colon] then took [the victim] by the throat with one hand, lifted her up and plunged her under the water, holding her under the water for approximately five seconds. [Colon] let go of [the victim] and at that point, [Colon] had gotten pas[t] [the victim] and was still going after the other swimmer. [The victim] turned around and grabbed [Colon] and was able to turn him back toward the shallow end of the pool.

Trial Court Opinion, filed 11/18/22, at 6 (citing N.T. at 15-21 and Exh. C-1/video). The court found Colon guilty and sentenced him to 90 days of probation. Colon did not file any post-sentence motions but filed a notice of appeal.

The trial court ordered Colon to file a statement of matters complained of on appeal, pursuant to Pa.R.A.P. 1925(b). He obtained an extension of time to file the statement, pending receipt of the trial transcript. He then asked this Court to remand the case for the appointment of new counsel so that he could present claims of ineffective assistance of trial counsel. Colon also filed a request in the trial court for a second extension of time to file his Rule 1925(b) statement until the issue of his appellate representation had been settled. The trial court granted the extension, permitted Colon's trial counsel to withdraw, and appointed new counsel. This Court then dismissed Colon's application for remand as moot.

---

[1] Although not the lifeguard on duty, the victim was a swimming instructor. **See** N.T., 6/27/22, at 15.

New counsel then filed a timely Rule 1925(b) statement listing three issues, none of which includes a challenge to the effectiveness of trial counsel.[2] Colon raises the same issues in his brief:

> 1) Was the evidence insufficient to sustain the guilty verdict for disorderly conduct as there was insufficient evidence that [Colon] intended to cause any public inconvenience, annoyance or alarm and his behavior was reasonable, necessary and appropriate under the circumstances[?] Moreover, the evidence was insufficient to establish that [Colon's] conduct served no legitimate purpose, as he was assaulted (causing a serious hip injury to [Colon]) and he was simply responding with justifiable force against assaultive and threatening behavior from two people, thus rendering insufficient the evidence for any criminal intent[.]

> 2) Was the evidence insufficient to sustain the guilty verdict for disorderly conduct as the Commonwealth failed to disprove that [Colon] used justifiable force to defend against assaultive and threatening behavior from two people, which caused a serious hip injury to [Colon][?] [Colon's] speech and conduct were reasonable and only that amount necessary to defendant against assaultive behavior, therefore the Commonwealth failed to prove that [Colon's] behavior served no legitimate purpose and that his actions were criminal[.]

> 3) Did [Colon's] substantive character evidence for his reputation in the community for being peaceful, law-abiding and honest, raise a reasonable doubt as to the charge of disorderly conduct?

Colon's Br. at 7.

---

[2] Like the issues raised in his brief, Colon's first two matters challenged the sufficiency of the evidence. Also, like the third issue Colon presents in his brief, the third matter in his Rule 1925(b) statement was, "[Colon]'s substantive character evidence for his reputation in the community for being for being [sic] peaceful, law-abiding and honest, raised a reasonable doubt as to the charge of disorderly conduct." Pa.R.A.P. 1925(b) Statement, 10/10/22, at 2.

## I. Evidence of Intent Versus Self-Defense

Colon's first two issues are intertwined. He argues that the evidence was insufficient to prove he intended to cause any public inconvenience, annoyance, or alarm. Colon's Br. at 17. He contends that the video the Commonwealth introduced shows (it has no sound) that the other swimmer instigated the event by "roughly grabb[ing] his leg when he was swimming," and that he responded by telling her not to touch him. *Id.* (citing Exh. C-1/video at seconds 5-8 and N.T. at 43-45, 47-50). He claims that the victim then eagerly and aggressively interjected herself in the interchange, without introduction or authority, and then assaulted him by performing an "'under arm double tote' lifeguard control move." *Id.* at 13, 18, 21, 24. He asserts he sustained a serious hip injury during the incident. *Id.* at 24. Colon therefore claims that the evidence shows that he was reacting to aggression and acting in self-defense with a reasonable and understandable amount of force, rather than intending to cause any public inconvenience or alarm. *Id.* at 17-22.

Sufficiency of the evidence is a question of law. ***Commonwealth v. Mikitiuk***, 213 A.3d 290, 300 (Pa.Super. 2019). "When reviewing a challenge to the sufficiency of the evidence, we must determine whether the evidence admitted at trial, and all reasonable inferences drawn therefrom, when viewed in a light most favorable to the Commonwealth as verdict winner, support the conviction beyond a reasonable doubt." ***Commonwealth v. Clemens***, 242 A.3d 659, 664 (Pa.Super. 2020) (internal quotation marks and citation omitted). "In conducting this analysis, we do not weigh the evidence and

substitute our judgment for that of the factfinder," who is "free to believe all, part, or none of the evidence." *Id.* at 665. We grant relief only where "the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances." *Commonwealth v. Lynch*, 242 A.3d 339, 352 (Pa.Super. 2020) (quoting *Commonwealth v. Franklin*, 69 A.3d 719, 722 (Pa.Super. 2013)).

The crime of disorderly conduct, as charged here, occurs when a person, "with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof . . . engages in fighting or threatening, or in violent or tumultuous behavior." 18 Pa.C.S.A. § 5503(a)(1). "Public" in this context means the person's conduct "affect[ed] or [was] likely to affect persons in a place to which the public or a substantial group has access[.]" 18 Pa.C.S.A. § 5503(c). The *mens rea* may be established "by a showing of a reckless disregard of the risk of public inconvenience, annoyance, or alarm, even if the [person]'s intent was to send a message to a certain individual, rather than to cause public inconvenience, annoyance, or alarm." *Commonwealth v. McConnell*, 244 A.3d 44, 51 (Pa.Super. 2020) (citation omitted).

A successful claim of self-defense negates the element of recklessness. *Commonwealth v. Fowlin*, 710 A.2d 1130, 1133 (Pa. 1998). However, a person is only justified in acting in self-defense if he "believes that such force is immediately necessary for the purpose of protecting himself against the use of unlawful force by [the] other person." 18 Pa.C.S.A. § 505(a). Accordingly, a defendant may use only as much force as is sufficient to repel an unlawful

attack. ***Commonwealth v. Pollino***, 467 A.2d 1298, 1300 (Pa. 1983); ***accord Commonwealth v. Witherspoon***, 730 A.2d 496, 499 (Pa.Super. 1999). The Commonwealth bears the burden of disproving a claim of self-defense beyond a reasonable doubt. ***Commonwealth v. Knox***, 219 A.3d 186, 196 (Pa.Super. 2019).

The Commonwealth introduced sufficient evidence to prove beyond a reasonable doubt that Colon engaged in disorderly conduct and that he did so without justification. Viewed in the light most favorable to the Commonwealth, the evidence shows that Colon loudly threatened to hurt another person while he was swimming at the YMCA. She responded verbally, and after initially retreating, Colon then approached her. He took the victim—who had not touched or threatened him—"by the throat with one hand, lifted her up and plunged her under the water." Trial Ct. Op. at 6. The evidence of these actions satisfies the element of "fighting, threatening, violence or tumultuous behavior" and displays at least a reckless disregard of the risk of "public inconvenience, annoyance, or alarm." 18 Pa.C.S.A. § 5503(a)(1).

This same evidence was also sufficient to disprove Colon's claims that his response to the alleged leg-pulling and the approach by the victim constituted proper acts of self-defense. When viewed in the Commonwealth's favor, the evidence does not demonstrate that his response was immediately necessary to protect him from unlawful force, but rather shows disproportionately excessive acts of force.

## II. Character Evidence

Colon asserts that there was a stipulation between himself and the Commonwealth that the former pool director would testify that Colon had a reputation in the community for being peaceful, law-abiding, and honest. Colon's Br. at 11 (citing N.T. at 40). He argues that this character evidence, together with allegedly insufficient evidence of *mens rea*, raised a reasonable doubt and rendered the evidence insufficient to support the conviction. *Id.* at 24. He emphasizes the evidence that he was acting in self-defense, was 59 years old, and had lived his life "without incident." *Id.* at 26. Colon asserts that his argument does not go to the weight of the evidence because character evidence can on its own raise a reasonable doubt. *Id.* at 25.

In the alternative, he argues that if we construe this issue as a challenge to the weight of the evidence, we should not find it waived due to trial counsel's failure to raise it below. Colon argues that he will be unable to obtain relief under the Post Conviction Relief Act ("PCRA")[3] for counsel's ineffectiveness in failing to preserve the issue because he is no longer serving a sentence. *Id.* at 25-26.

We disagree that Colon's argument goes to sufficiency rather than weight. Although character evidence is substantive evidence and can be sufficient to raise reasonable doubt, a fact-finder need not credit such evidence over other evidence. *See Commonwealth v. Luther*, 463 A.2d

---

[3] 42 Pa.C.S.A. §§ 9541-9546.

1073, 1077 (Pa.Super. 1983) ("[E]vidence of good character is to be regarded as evidence of substantive fact just as any other evidence tending to establish innocence and may be considered by the jury in connection with all of the evidence presented in the case on the general issue of guilt or innocence"). Thus, the mere introduction of character evidence does not render the evidence insufficient as a matter of law. Rather, so long as there is some evidence of each element of the crime, the evidence is sufficient unless it is "so weak and inconclusive that, as a matter of law, no probability of fact may be drawn from the combined circumstances." *Lynch*, 242 A.3d at 352 (quoting *Franklin*, 69 A.3d at 722)..

Colon does not argue that the evidence was so weak and inconclusive that it could not be sufficient, as a matter of law. Colon's argument is that the character evidence in his case necessarily gave rise to reasonable doubt. That goes to the weight, and not the sufficiency of the evidence. *See Commonwealth v. Copeland*, 2022 WL 3909024, at *5-6 (Pa.Super. 2022) (unpublished mem.). As Colon did not raise a challenge to the weight of the evidence before the trial court, the issue is waived. *See* Pa.R.Crim.P. 607(A).

As for Colon's ineffectiveness claim, we are unable to review it in this direct appeal. There are three circumstances in which a claim that trial counsel was ineffective does not have to await collateral review. Two of them are implicated here: (1) where "there is good cause shown and the defendant knowingly and expressly waives his entitlement to seek subsequent PCRA review of his conviction and sentence," and (2) "where the defendant is

statutorily precluded from obtaining subsequent PCRA review." *Commonwealth v. Delgros*, 183 A.3d 352, 360, 361 (Pa. 2018).

Neither exception applies here. The first is inapplicable because, although a short sentence can satisfy the "good cause" requirement, Colon has not waived subsequent PCRA review of his conviction and sentence. *See Commonwealth v. Turner*, 80 A.3d 754, 763 n.7 (Pa. 2013); *Commonwealth v. Holmes*, 79 A.3d 562, 564 n.1, 578 (Pa. 2013); *see also Commonwealth v. Rosenthal*, 233 A.3d 880, 887 (Pa.Super. 2020). Moreover, this exception affords the trial court discretion to consider ineffectiveness in the first instance, not this Court, and Colon did not raise this claim below. *See Delgros*, 183 A.3d at 360-61; *Commonwealth v. Cowan*, 245 A.3d 1038, at *5 (Pa.Super. Dec. 1, 2020) (unpublished memo.).

The second exception cannot apply because it is likewise limited to cases in which the defendant has raised the ineffectiveness claim in the trial court. The Supreme Court explained in *Delgros* that its holding there "require[ed] trial courts to address claims challenging trial counsel's performance where the defendant is statutorily precluded from obtaining subsequent PCRA review." *Delgros*, 183 A.3d at 361. As Colon did not raise his claim below, this exception has no application here.[4]

---

[4] *See also Commonwealth v. Whitehead*, No. 102 WDA 2019, 2020 WL 119661, at *2 (Pa.Super. filed Jan. 10, 2020) (unpublished mem.).

Furthermore, Colon received new counsel before he filed his Rule 1925(b) statement but failed to include his ineffectiveness claim in his Rule 1925(b) statement. It is therefore waived. **See** Pa.R.A.P. 1925(b)(4)(vii).

Finally, the claim is not in the statement of questions presented and is not fairly suggested by the issues that are listed. Colon has therefore waived this claim for this reason, as well. **See** Pa.R.A.P. 2116(a) ("The statement of the questions involved must state concisely the issues to be resolved. . . . No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby").

In any event, even assuming Colon met one of the exceptions, and had properly preserved his claim, we would reject it. The character evidence was not of such a nature as to so firmly rebut the Commonwealth's evidence—in particular, the video—that the failure to preserve the weight claim undermines confidence in the outcome of his case. In other words, Colon has not shown prejudice. **See Commonwealth v. Gribble**, 863 A.2d 455, 472 (Pa. 2004) ("[A] defendant [raising a claim of ineffective assistance of counsel] is required to show actual prejudice; that is, that counsel's ineffectiveness was of such magnitude that it could have reasonably had an adverse effect on the outcome of the proceedings" (alteration in original; internal quotation marks and citation omitted)). We therefore affirm.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>8/7/2023</u>