J-S26039-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
CHARLES EDWARD BERRY :
:
Appellant : No. 1414 MDA 2024

Appeal from the Judgment of Sentence Entered August 29, 2024
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0000456-2022

BEFORE: LAZARUS, P.J., OLSON, J., and BECK, J.

MEMORANDUM BY BECK, J.: **FILED SEPTEMBER 02, 2025**

Charles Edward Berry ("Berry") appeals from the judgment of sentence imposed by the Lancaster County Court of Common Pleas ("trial court") following his conviction of aggravated assault.[1] On appeal, Berry challenges the jury instructions provided at trial. We affirm.

On October 18, 2021, Berry and his neighbor, Richard Yanni ("Yanni") were involved in an altercation. Yanni was carrying his groceries into his apartment when Berry came up behind him and repeatedly punched him. Yanni sought treatment in a hospital and was diagnosed with five fractured ribs and a collapsed lung (pneumothorax). Berry asserted that he was acting in self-defense because Yanni had swung a grocery bag at him and he was

---

[1] 18 Pa.C.S. § 2702(a)(1).

worried the bag would strike the pacemaker in his chest. Berry further alleged that approximately three weeks before this incident, Yanni had vandalized his vehicle and they had a confrontation. Police arrested Berry and the Commonwealth charged him with aggravated assault.

The matter proceeded to a jury trial. After the close of evidence, Berry sought jury instructions on the lesser charge of simple assault and either self-defense or justification. In particular, Berry requested that the jury be instructed on self-defense where non-deadly force was used. The trial court denied both requests but instructed the jury on self-defense where the defendant used deadly force.

The jury found Berry guilty of aggravated assault. The trial court initially imposed a sentence of ten to twenty years in prison. Berry filed a post-sentence motion, arguing the trial court should not have imposed a mandatory minimum sentence. The trial court granted the motion and on August 29, 2024, resentenced Berry to four to eight years in prison. Berry timely appealed.

Berry raises the following issues for our review:

1. Whether the lower court properly denied [Berry's] request to instruct the jury on simple assault?

2. Whether the lower court properly instructed the jury regarding justification where [Berry] utilized force sufficient to cause death or serious bodily injury?

Berry's Brief at 1.

- 2 -

Berry first argues that the trial court should have charged the jury regarding the lesser included offense of simple assault. *Id.* at 14. Berry asserts that although the trial court and Commonwealth concluded that the evidence demonstrated that Yanni suffered serious bodily injury and that an instruction on simple assault was not appropriate, both failed to consider that aggravated assault has two elements: causing serious bodily injury, and doing so intentionally, knowingly, or recklessly. *Id.* at 17. Berry contends that an instruction on the lesser charge should have been given because he used no weapons and it is possible that he caused the injuries to Yanni "without intentionally, knowingly, or recklessly doing so." *Id.*

"Our standard of review when considering the denial of jury instructions is one of deference—an appellate court will reverse a court's decision only when it abused its discretion or committed an error of law." ***Commonwealth v. Cannavo***, 199 A.3d 1282, 1286 (Pa. Super. 2018) (citation omitted). "[Our] key inquiry is whether the instruction on a particular issue adequately, accurately and clearly presents the law to the jury, and is sufficient to guide the jury in its deliberations." *Id.* (citation omitted). A "defendant is entitled to a jury instruction on a lesser included offense upon his or her request only if there is evidence in the record 'from whatever source,' which makes it 'rational for the jury to render a verdict of not guilty of the greater offense but guilty of the lesser.'" ***Commonwealth v. Sirianni***, 428 A.2d 629, 631 (Pa. Super. 1981) (citations omitted); ***see also Commonwealth v. Ferrari***, 593

A.2d 846, 849 (Pa. Super. 1991) ("A defendant is entitled to … an instruction [on a lesser included offense] only where the evidence in the record would permit the jury to find, *rationally*, the defendant guilty of the lesser included offense but not the greater offense.") (citation omitted, emphasis in original).

"A person is guilty of assault if he … attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another." 18 Pa.C.S. § 2701(a)(1). "A person is guilty of aggravated assault if he … attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life." 18 Pa.C.S. § 2702(a)(1). Serious bodily injury as "bodily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." *Id.* § 2301. Intentionally, knowingly, and recklessly are defined, respectively, as follows:

> (1) A person acts intentionally with respect to a material element of an offense when:
>
> > (i) if the element involves the nature of his conduct or a result thereof, it is his conscious object to engage in conduct of that nature or to cause such a result; and
> >
> > (ii) if the element involves the attendant circumstances, he is aware of the existence of such circumstances or he believes or hopes that they exist.
>
> (2) A person acts knowingly with respect to a material element of an offense when:

> (i)  if the element involves the nature of his conduct or the attendant circumstances, he is aware that his conduct is of that nature or that such circumstances exist; and
>
> (ii)  if the element involves a result of his conduct, he is aware that it is practically certain that his conduct will cause such a result.
>
> (3) A person acts recklessly with respect to a material element of an offense when he consciously disregards a substantial and unjustifiable risk that the material element exists or will result from his conduct.  The risk must be of such a nature and degree that, considering the nature and intent of the actor's conduct and the circumstances known to him, its disregard involves a gross deviation from the standard of conduct that a reasonable person would observe in the actor's situation.

*Id.* § 302(b)(1)-(3).  If a victim suffers serious bodily injury, the Commonwealth need not show specific intent to establish aggravated assault, but may demonstrate that the attacker acted recklessly to the point of extreme indifference to the value of human life.  *Commonwealth v. Burton*, 2 A.3d 598, 602 (Pa. Super. 2010) (en banc).

The trial court determined that the evidence and testimony presented in this case did not support a conviction of simple assault, and that no reasonable jury would find Berry guilty of simple assault, but not aggravated assault.  Trial Court Opinion, 12/10/2024, at 3.  The record supports the trial court's conclusion.

Yanni testified that he was sixty-seven years old on the day of the attack.  N.T., 1/8/2024, at 109; *see also* N.T., 1/9/2024, at 22 (wherein a responding officer described Yanni as "on the thinner side, little more fragile than most of us").  Yanni stated that he entered his apartment building holding

grocery bags. N.T., 1/8/2024, at 110. Before Yanni could enter his apartment, Berry attacked him from behind and punched him several times, causing him to fall to the ground. *Id.* at 110-11, 151. Yanni suffered five fractured ribs and a punctured lung as a result of the attack. N.T., 1/9/2024, 83-84. Dr. Lee, who was involved in Yanni's hospital treatment, testified that the pneumothorax was life-threatening and could have been fatal if it was not treated immediately. *Id.* at 84-86. Yanni also testified that Berry had attacked him a few weeks before the instant incident, and Berry threatened Yanni stating "don't call the police, because if you do, I'm going to say that you came at me first." N.T., 1/8/2024, at 123-24.

Here, the evidence established that Berry attacked Yanni from behind and struck him multiple times causing serious bodily injury. Further, the evidence demonstrated that Berry acted with either the intent to cause serious bodily injury or recklessly with extreme indifference to human life. *See Commonwealth v. Patrick*, 933 A.2d 1043, 1047 (Pa. Super. 2007) (en banc) (concluding one punch from defendant combined with victim's injuries sustained from the punch demonstrated defendant acted "with reckless indifference under circumstances which virtually assured serious bodily injury"); *Interest of N.A.D.*, 205 A.3d 1237, 1240 (Pa. Super. 2019) (evidence that defendant punched victim and caused serious bodily injury is sufficient to support an aggravated assault conviction).

Based upon the record before us, we conclude Berry failed to establish that the jury could have rationally found he committed simple assault, rather than aggravated assault. *See Commonwealth v. Gwynn*, 723 A.2d 143, 152-53 (Pa. 1998) (concluding that the record reflects that the evidence established appellant committed aggravated assault and "the jury, rationally, could not have found appellant guilty of simple assault"). Accordingly, we find that trial court did not abuse its discretion or err in denying Berry's request for a simple assault instruction. *See Ferrari*, 593 A.2d at 849.

For his second issue, Berry contends that the trial court should have instructed the jury regarding self-defense when non-deadly force was used, not when deadly force was used. Berry's Brief at 18-24. Berry notes a critical difference between the two instructions—a duty to retreat does not apply when non-deadly force is used. *Id.* at 23. Further, Berry argues that the trial court acknowledged the jury must decide whether deadly force was used in this case. *Id.* at 23, 24.

> Self-defense is a justification defense that permits the use of force toward or upon another person "when the actor believes that such force is immediately necessary for the purpose of protecting himself against the unlawful force by such other person on the present occasion." 18 Pa.C.S. § 505(a). Before the issue of self-defense may be submitted to a jury for consideration, a valid claim of self-defense must be made out as a matter of law, and this determination must be made by the trial judge. Such claim may consist of evidence from whatever source. Such evidence may be adduced by the defendant as part of his case, or conceivably, may be found in the Commonwealth's own case in chief or be elicited through cross-examination.

*Commonwealth v. Hansley*, 24 A.3d 410, 420-21 (Pa. Super. 2011) (citation omitted).

If the actor used deadly force the Commonwealth must disprove the defense by establishing at least one of the following elements beyond a reasonable doubt: "(1) the accused did not reasonably believe that he was in danger of death or serious bodily injury; (2) the accused provoked or continued the use of force; or (3) the accused had a duty to retreat and the retreat was possible with complete safety." *Commonwealth v. Ventura*, 975 A.2d 1128, 1143 (Pa. Super. 2009) (citation omitted); *see also* 18 Pa.C.S. § 505(b). A person employing non-deadly force in self-defense does not have a duty to retreat. *See* 18 Pa.C.S. § 505(b)(3) ("Except as otherwise required by this subsection, a person employing protective force may estimate the necessity thereof under the circumstances as he believes them to be when the force is used, without retreating"). Case law imposes the limitation that an actor facing non-deadly force may respond with force "so long as it is only force enough to repel the attack." *Commonwealth v. Pollino*, 467 A.2d 1298, 1301 (Pa. 1983).

The record reflects that Berry testified that Yanni swung his grocery bags at him and he was worried that Yanni would strike his pacemaker. N.T., 1/9/2024, at 106-07. Berry stated that "a hard blow to my chest could be the death of me." *Id.* at 126. He admitted that he sustained no injuries from the grocery bag—it did not even make contact with his body—but still proceeded

to hit Yanni multiple times, causing him serious bodily injury that was life threatening. N.T., 1/9/2024, at 106-08, 125. As testified to by Dr. Lee, five of Yanni's twelve ribs were fractured and the pneumothorax could have been fatal. *Id.* at 84-85. Berry further acknowledged that he initiated the confrontation. *Id.* at 125.

The trial court rejected Berry's request for an instruction pertaining to his use of non-deadly force because it was the Commonwealth's theory of the case that Berry used deadly force against Yanni and Berry failed to present any evidence or question any witnesses to support a finding that he employed non-deadly force. *Id.* at 4-5. The trial court ultimately instructed the jury only as to self-defense with the use of deadly force. *Id.* at 48-52. We conclude that the trial court did not abuse its discretion in only charging the jury on deadly force in relation to the justification/self-defense instruction.[2] The record reflects that Berry did in fact utilize deadly force in repeatedly striking Yanni with such power that he punctured his lung, which could have

---

[2] In fact, based on the trial court's findings, it appears Berry was not entitled to a self-defense instruction at all. *See* Trial Court Opinion, 12/10/2024, at 4-5 (Trial Court found that Berry: "1) did not believe, or reasonably believe, that it was immediately necessary to use force to protect himself; 2) used substantially more force than was necessary to repel the alleged attack and 3) was not free from fault in provoking, continuing, and escalating the difficulty that culminated in his use of what the jury found to be deadly force."); *see also Commonwealth v. Green*, 273 A.3d 1080, 1087 (Pa. Super. 2022) (concluding that trial court did not abuse its discretion in denying a self-defense instruction appellant failed to make a valid claim of self-defense as a matter of law).

killed him. Berry did not present any evidence to refute that conclusion. Thus, the trial court did not abuse its discretion in refusing to instruct the jury on self-defense based on non-deadly force.

Judgment of sentence affirmed.

Judgment Entered.

_____

Benjamin D. Kohler, Esq.
Prothonotary

Date: 09/02/2025